■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LONG, Appellant.—Judgment of conviction, Supreme Court, Bronx County, rendered October 9, 1975, unanimously modified, on the law, to reverse that portion convicting defendant-appellant of criminal sale of a controlled substance and remanding for new trial thereon, and otherwise affirmed. The conviction we affirm is of criminal possession of a controlled substance. One Steward, reputedly a dealer in cocaine, was approached by undercover police pretending to be addicts requiring narcotics, with the request that he find them heroin. He led them to defendant, who sold them six packets of the stuff. Defendant was arrested at once, and search of his person netted eight more of the same. Charged with both sale and possession, he was placed on trial, which, as to the possession was unexceptionable. His defense of entrapment obviously could not encompass the possession, for that existed even before the introduction. And, since he negotiated the sale to the officers, he obviously had the required intent to sell. However, the court's charge on the defense of entrapment, applicable to the sale count, was in error. After giving the classic definition that, to find entrapment, it must be found that the sale was induced by a public servant, directly or through another, the court was asked by a juror whether it was also necessary for the procurer, Steward, to have known that he was acting for police in making the introduction. The court answered that such knowledge on Steward's part was essential to establishment of the defense of entrapment. Obviously, this was incorrect for such knowledge is of no consequence. However, the jury, so instructed, was required to reject the defense because it had been established that Steward did not know the officers to be such. The instruction being erroneous, a new trial is required. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.

### (December 8, 1977)

■ UNION RIVER COMPANY, Respondent, v S. S. KRESGE COMPANY, Appellant.—Order, Supreme Court, New York County, entered on August 22, 1977, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Appeal from order of said court entered on June 10, 1977, unanimously dismissed, without costs and without disbursements, as academic. No opinion. Concur—Murphy, P. J., Birns, Evans and Lane, JJ.

■ In the Matter of the INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Respondent, v FIVE CORNERS TAVERN, INC., Respondent, and MANUFACTURERS HANOVER TRUST COMPANY, Appellant.—Order, Supreme Court, New York County, entered on October 6, 1976 and judgment of said court entered on October 6, 1976, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. (See *Matter of Industrial Comr. of State of N. Y. v South Shore Amusements*, 55 AD2d 141.) No opinion. Concur—Birns, J. P., Silverman, Evans and Markewich, JJ.