Joseph TUSEO, Petitioner,

v.

Robert LANDUCCI, as Probation Supervisor, The New York City Department of Probation, and the State of New York, Respondents.

No. 81 Civ. 5399.

United States District Court,
S. D. New York.

Sept. 30, 1982.

Bennett M. Epstein, New York City, for petitioner.

Thomas A. Duffy, Jr., Deputy Atty. Gen., New York City, for respondents.

## OPINION

GRIESA, District Judge.

This is a habeas corpus petition seeking to review a state court conviction. The petition is dismissed.

Petitioner, Joseph Tuseo, was convicted in Supreme Court, New York County, of one count of Rewarding Official Misconduct (New York Penal Law § 200.20). Tuseo was sentenced to five years probation. He has been discharged from the probation. However, he seeks to overturn his conviction by the present petition. His contention is that the state judge failed to give a proper entrapment instruction to the jury and that petitioner's due process rights were thereby infringed.

Petitioner has exhausted his state remedies.

The relevant facts are not in dispute, and are indeed set forth in petitioner's brief.

One James Napoli was incarcerated in the Manhattan House of Detention ("the Tombs") in 1974 by reason of his refusal to testify at a grand jury. Ralph Grano was Acting Deputy Warden of the Tombs. Grano received reports that Napoli was seeking and receiving special favors. Grano reported this to his superiors, and it was arranged that Grano would participate in the investigation of the situation by pretending that he was willing to deal with Napoli in the granting of special treatment at the prison.

Grano thereafter indicated to Napoli that Napoli might obtain various favors. Grano did in fact provide, and Napoli readily accepted, numerous privileges and special favors, including the opportunity of using Grano's office for social visits, unlimited telephone use, preferred work assignments, and the use of what were generally unauthorized personal articles.

Petitioner Tuseo was the husband of Napoli's niece. Tuseo participated in certain of the discussions involving Napoli and Grano. Then, at one point, Napoli, Grano and Tuseo were having a sandwich and wine lunch in Grano's office at the Tombs. There was talk of Grano's pending vacation. In the course of this, Napoli stated to Tuseo that Napoli wanted Grano to have a good time on his vacation, and Napoli made a gesture to Tuseo in Grano's direction. Thereupon Tuseo reached into his pocket and produced $500, which he placed in Grano's pocket.

Grano reported all this to law enforcement officials. Tuseo was indicted for the incident involving the $500. This led to the conviction involved in the present habeas corpus petition.

At the trial, Tuseo presented an entrapment defense. New York Penal Law § 40.05 provides for such a defense, and states in pertinent part:

> "In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant, or by a person acting in cooperation with a public servant, seeking to obtain evidence against him for purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it."

Tuseo contended at the trial, as he contends here, that he was entrapped, not because he was directly induced by law enforcement officials, but because Napoli was induced, and that this resulted in the entrapment of Tuseo. In line with this con-

tention, he requested that the following language be included in the jury instruction on the entrapment defense:

"... I instruct you that the inducement or encouragement constituting the entrapment need not flow directly from the government agents.... Instead the inducement or encouragement may come from an intermediate source who has a relationship with the defendant claiming entrapment and who unwittingly transmits the inducement...."

The trial judge declined to give this instruction, and instead charged the jury in language which closely tracked the statute—*i.e.,* that the inducement must come from a "public servant or person acting in cooperation" with such public servant.

Petitioner may well be correct that, where the evidence justifies it, a charge of the type he requested is appropriate under New York law. *See People v. Long,* 60 A.D.2d 528, 399 N.Y.S.2d 678 (1st Dep't 1977); *People v. Sundholm,* 58 A.D.2d 224, 396 N.Y.S.2d 529 (4th Dep't 1977). However, it would appear that, on the evidence in the present case, the trial judge was justified in instructing the jury as he did.

■ However, the issue as to whether the trial judge should or should not have used petitioner's proposed instruction does not rise to the level of a due process question under the United States Constitution. The United States Supreme Court has stated, in connection with the defense of entrapment in the federal courts:

"Since the defense is not of a constitutional dimension, Congress may address itself to the question and adopt any substantive definition of the defense that it may find desirable." *United States v. Russell,* 411 U.S. 423, 433, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973).*

■ It would appear, from this statement in *Russell,* that there is no constitutional requirement that a defendant, who committed criminal conduct and had the necessary criminal intent, should be excused from a penalty because that conduct and intent came about as a result of the activities of a law enforcement officer. *See Sherman v. United States,* 356 U.S. 369, 379, 78 S.Ct. 819, 824, 2 L.Ed.2d 848 (1958) (Frankfurter, J., concurring). *A fortiori* there is no constitutional requirement that an entrapment defense be allowed where some third party, other than a law enforcement officer, plays a role in bringing about the commission of a crime.

Having raised no cognizable federal claim, the petition is dismissed.

No certificate of probable cause (28 U.S.C. § 2253) will issue because it is not believed that there are any questions of substance on which the Court of Appeals should rule. In respect to the in forma pauperis statute (28 U.S.C. § 1915(a)), it is certified that an appeal from this order would not be taken in good faith, because it would be frivolous.

So ordered.

---

* The Court in *Russell* stated that there might be a *situation in which the conduct of* law enforcement agents is so outrageous that due process principles would bar a conviction. 411 U.S. at 431, 93 S.Ct. at 1642. The Court found no such situation presented by the facts in *Russell.* Certainly no such facts are presented in the case at bar, nor is there any contention of this kind.