## 31133. McCOY et al. v. THE STATE.

INGRAM, Justice.

Appellants Michael Branch and Willie McCoy were convicted of armed robbery by a jury in the Superior Court of Chatham County. Each of them received sentences of 20 years imprisonment in the state penitentiary. A motion for new trial filed in their behalf was overruled by the trial court. Appellants enumerate as error the trial court's failure to grant them a new trial and argue two reasons why they contend a new trial should be ordered. We have considered each of appellants' arguments and find them to be without merit.

The case may be summarized as follows: The evidence shows that on February 13, 1973, a well lighted liquor store was robbed by two armed black males. One held a pistol on the owner while he gathered the money and the other held a shotgun on a store employee. The owner described the robbers to the police and told them one of the robbers was short and the other was tall. There is some disagreement in the exact heights the owner gave to the police and the heights the owner testified to at the trial.

The day after the robbery neither the owner nor the employee could select the robbers' pictures from police mug-shot books. Several days later a police detective brought several photographs for the owner to view, and he selected the appellants as the robbers. The owner then attended a lineup in which he selected the two appellants. He also unequivocally identified appellants at trial as being the two robbers.

The employee also testified at trial that he selected the appellants' pictures from photographs brought by the police to the store and that he selected appellants as the robbers in the lineup. He testified that he and the owner did not consult with each other during the identification. At the trial the employee also unequivocally identified the two appellants as the robbers. A defense witness testified that his liquor store was robbed a few days after the robbery in this case by one short and one tall black man. The witness initially identified appellants as the robbers, but later changed his mind and identified two

other persons.

Appellants contend that the photographic display and lineup shown to the owner and store employee were so impermissibly suggestive that their in-court identification was based upon the post robbery events rather than upon viewing appellants during the robbery. Whether a subsequent in-court identification is tainted depends on all the circumstances of the case. ". . . [C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (1968). See also *Dodd v. State,* 236 Ga. 572 (1976), and *Fleming v. State,* 236 Ga. 434 (224 SE2d 15) (1976). In a line-up-identification a totality of the circumstances test is also used to decide whether defendant has been prejudiced. See Coleman v. Alabama, 399 U. S. 1 (1970). Under the facts of this case, we do not agree with appellants that the procedures used were impermissibly suggestive or that the subsequent identification of them was tainted.

Appellants also assert that the trial court erred in not granting a mistrial because of an allegedly prejudicial question asked by the prosecutor. This alleged error is also assigned as requiring a new trial. The defense attorney questioned the owner of the liquor store at length about the lineup and the date on which it and a subsequent lineup occurred. The owner was unsure of the dates and on redirect examination the prosecutor asked if the owner had been to many lineups. The response was that he had been to some other lineups subsequent to the ones in this case because he had been robbed twice since this robbery. Defense counsel, out of the presence of the jury, then moved for a mistrial. The trial judge refused, stating that the witness' answer in no way reflected on appellants. The trial judge offered to instruct the jury not to consider the answer but defense counsel refused this offer by the trial court and the trial continued to completion. We find no basis in this occurrence to require a new trial for appellants. The trial court did not err in

overruling appellants' motion for a new trial and their convictions will be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1976 — DECIDED
JUNE 8, 1976.

*Calhoun, Sims & Donaldson, R. B. Donaldson, Jr.,* for appellants.

*Andrew J. Ryan, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.