## 58938. JENKINS v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted in two counts for the offense of armed robbery. In Count 1 he is alleged to have taken $900 in money and other items, all of the value of $3,000, from one Walter Harper "by intimidation and by use of a shotgun the same being an offensive weapon." In Count 2, he is alleged to have taken jewelry and various other items of property, all of the value of $200, of one Sharon Elaine White "by intimidation and by use of a shotgun the same being an offensive weapon." He was tried and convicted on both counts. He was then sentenced to serve 18 years on each count to run concurrently. Defendant appeals. *Held:*

1. During the examination of a state's witness she testified as to a criminal admission by the defendant "that he had robbed these people, this dude and this girl" and as to other information given her as to how he committed the crimes. On cross examination she was asked about an armed robbery involving her husband at "an Amoco station down on Campbellton Road" as well as the fact that she was an accomplice in driving the car leaving the scene of that robbery. The cross examination disclosed that she did not know "that Timothy [defendant] was going to rob the Amoco filling station." She was then thoroughly examined and re-cross examined with reference to the evidence involving this crime and as to what the police department had told her, which was: "They said that Timothy Lee Jenkins [defendant] had told them that my husband was in the car." During the closing argument by counsel representing the state the defendant objected and now contends counsel for the state informed "the jury that a charge based on the robbery referred to by the two State's witnesses was pending against Mr. Jenkins at the time of trial." The court in ruling on this objection instructed defense counsel that "You brought it up. You went into detailed questions about his other actions. You

undertook to question the witness at considerable length, to my small surprise I might say. You brought it in as an issue and it was in evidence and entitled to be referred to in argument." The trial court overruled the motion for mistrial.

The prosecuting attorney can comment upon the evidence introduced and the deductions therefrom, even illogical ones. *Allanson v. State,* 144 Ga. App. 450, 454 (4) (241 SE2d 314); *Bryant v. State,* 146 Ga. App. 43 (1) (245 SE2d 333). Further, we do not have before us the actual argument made and simply cannot ascertain from the motion for mistrial and the discussion between counsel for defendant and the trial court as to exactly what the substance of the argument made by counsel for the state was. We find no merit in the enumeration of error contending the trial court erred in denying defendant's motion for mistrial based on the state's reference in closing argument to other criminal proceedings then pending against the defendant.

2. The remaining enumeration of error contends the trial court erred in charging the jury that it had a duty to reconcile any conflicts in the evidence "so as to make all witnesses speak the truth and so as to not impute perjury to any witness." The substance of the charge to the jury in this regard was an instruction that if the jury found "there is a conflict in the evidence in this case, and the Court expresses no opinion as to whether there is or is not, but if you find that there is a conflict, it would be your duty to reconcile any such conflict, if any there be, so as to make all witnesses speak the truth and so as to not impute perjury to any witness." The jury was further instructed that if you find "such testimony to be in such irreconcilable conflict that this cannot be done, then it becomes your duty to believe that which to your mind seems most reasonable, most probable and most truthful in the case." This charge is a basic criminal charge which has been given time and time again in criminal cases. It is also found in substance in the most recent copy of the Council of Superior Court Judges of Georgia's Pattern Jury Instructions — Criminal, at pp. 18 (b), 67. Counsel for the defendant has cited no authority why this charge should not be given, and we find no harmful error in the

giving of this charge here. We see no denial of due process of law as guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States of America. Nor does it deny the defendant the right to an impartial jury as guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States of America. We find no merit in this complaint.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 30, 1979.

*Edward A. Medlin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.