60004. WATTS v. THE STATE.

BANKE, Judge.

The appellant was convicted of killing an antlerless deer in violation of Code Ann. § 45-521 and was sentenced to 12 months' probation and payment of a $350 fine. *Held:*

1. The appellant contends that he was denied a fair trial by the trial court's failure to rule on three motions for mistrial made during direct examination of one of the state's witnesses. None of the motions were meritorious. The first was made when the witness, whose family owned the land on which the dead deer was found, testified that when he encountered the appellant on the property in the company of a companion, he told the companion that "we'd been after him a long time." Although there was some confusion initially as to whether the witness was referring to the appellant or to the companion when he said this, the trial judge quickly resolved the ambiguity by questioning the witness and eliciting a clear statement from him that he was referring to the companion. The judge then instructed the jury to disregard the testimony altogether. Defense counsel responded, "Your Honor, just for the record, I'd like to

restate my objection, and I don't think that . . . so much harm has been done that this cannot be stricken from the minds of the jury. Thank you." The trial thereupon continued.

The second and third motions for mistrial were made after the witness repeatedly testified that the appellant had "confessed" to shooting the deer. We do not consider the word "confessed" to be an inappropriate characterization of what the appellant did after being placed in custody. Even if his statements amounted only to an admission rather than a confession, as urged by the appellant, we have been offered nothing which would persuade us that the witness's use of the word "confessed" deprived the appellant of a fair trial.

The appellant's contention that the trial court prejudiced his case by not ruling on the motions for mistrial has no more merit than did the motions themselves. It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver. See, e.g., *Flowers v. Slash Pine Elec. Membership Corp.,* 122 Ga. App. 254 (176 SE2d 542) (1970); *Sprague v. State,* 147 Ga. App. 347 (3) (248 SE2d 711) (1978). There is nothing in the transcript which indicates that the trial court refused to rule on the motions. He simply discussed them with counsel and then continued with the trial. Counsel did not insist on express rulings. Under these circumstances, we find nothing prejudicial in the trial court's actions or inaction.

2. The evidence presented at the Jackson v. Denno hearing amply supported the court's conclusion that the statements which the appellant made to law enforcement officials were made freely and voluntarily.

3. The appellant's final contention is that the trial judge erred in failing to charge, without request, that an uncorroborated confession is insufficient to support a conviction. In view of the undisputed evidence placing the appellant at the scene with a rifle, however, we find ample corroboration.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JUNE 5, 1980 — DECIDED JULY 16, 1980.

*Jerry M. Daniel,* for appellant.
*Marion D. Cotten, Solicitor,* for appellee.