## 62355. PRICE v. THE STATE.

DEEN, Presiding Judge.

Paul Price brings this appeal from his conviction of six counts of armed robbery following his retrial for this offense. (For reversal of his first conviction see *Price v. State,* 155 Ga. App. 844 (273 SE2d 225) (1980)).

1. The defendant contends that the trial court erred in allowing in-court identifications by three witnesses, Hearst, White and Wiley.

The evidence showed that the robbery of a Waffle House restaurant on November 14, 1978, by two black males occurred over a ten minute period of time. Money was taken from the cash register and employees and customers were forced to surrender their wallets. The following day, Price and Cooper were arrested in a store after using a credit card which had been stolen during the robbery. Both men later pled guilty to forgery charges stemming from the use of stolen credit cards. At a pre-indictment lineup conducted 18 hours after the robbery, several witnesses identified Cooper as one of the robbers but no one identified Price. Hearst, a truck driver from Knoxville, Tennessee, did not attend the lineup because he returned to Knoxville shortly after giving a statement to the police. He did not appear at the preliminary hearing or testify at the first trial. White testified that he did not attend the lineup because he was not asked and also did not attend the preliminary hearing or first trial because he moved to New Orleans sometime prior to trial. Wiley, however, attended the lineup, but she did not identify Price. Two days after the lineup she viewed a photographic array at the Waffle House and identified Price from a four-year-old photograph. She signed and dated the photograph (November 16, 1978) on the back. White independently viewed the photographic array either at the Waffle House or the police station, identified Price, and placed his signature and date (November 18, 1978) on the back.

Prior to the start of the second trial, Hearst, White, Wiley and another witness were present in the district attorney's office. The district attorney left for an undetermined period of time and did not mention to Hearst or White that they were not to view a transcript of the first trial which was lying on his desk. Wiley and the other witness each took a portion of the transcript and reviewed their prior testimony. Hearst picked up the portion of the transcript which contained photocopies of the evidence including copies of pictures of the lineup and photographic array. Hearst discovered Price's photograph and pointed it out to Wiley. She replied, "That's who I picked out too." When the district attorney returned, Hearst informed him that he thought he could identify the defendant. Upon motion to disallow Hearst's in-court identification, the trial court heard testimony outside the presence of the jury of what had occurred in the district attorney's office and ruled that no reference could be made to the witness' identification of Price by the photographs he had viewed. Hearst's in-court identification was based upon his observations of the defendant at the scene of the robbery.

White had also perused the portion of the transcript containing the photographs, but there is no evidence that he discussed his identification with the other witnesses or that he was aware of the conversation between Hearst and Wiley.

The trial court did not err in permitting Hearst to make an in-court identification of the defendant which was based upon his observation of the defendant at the scene of the crime. All three of the victims testified that they had a good look at the robbers in a well-lighted restaurant under unforgettable circumstances. "Where in-court identification is independent of lineup identification, the admission into evidence of in-court identification is not error." *Coleman v. State,* 150 Ga. App. 380 (258 SE2d 12) (1979); see also *Carter v. State,* 157 Ga. App. 445 (278 SE2d 93) (1981). A lineup identification or identification from a photographic array is not a prerequisite to in-court identification. *Moye v. State,* 122 Ga. App. 14 (176 SE2d 180) (1970). "Even if the pre-trial identification is 'tainted,' the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an 'independent origin.'" *Moye v. State,* supra, at 18. Although there are certain credibility problems associated with Hearst's identification of the defendant such as a two-year time span between the time of the crime and the trial, Hearst's testimony that the defendant was clean shaven and the evidence showed that he had a small beard at the time of the lineup, and the witness' testimony that Price wore a dark colored toboggan hat when the other witnesses

testified that he wore a white sailor hat, and Hearst's change in this testimony on the second day of trial claiming that he was mistaken and remembered that the defendant wore a white sailor hat are all factors which go to his credibility as a witness. Credibility is solely a question for jury determination. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980).

As to the identification by Wiley and White, there is no evidence that the photographic display was presented in an unduly suggestive manner and both witnesses testified that the police officer made no indication as to whom to select. As to Wiley's identification, the defendant claims that it was unreliable because she could not offer a good explanation as to why she was unable to identify the defendant at a live lineup, but could identify him from a four-year-old photograph two days later. In the absence of any claim or showing that the photographic array was tainted by the prior live lineup we do not believe that the trial court erred in permitting this identification to be received by the jury for whatever weight they chose to give it. In applying the tests enunciated in Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968) and Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), we have considered the totality of the surrounding circumstances and find that the photographic identification procedure was not unduly suggestive. Therefore, it is unnecessary to address the issue as to whether there was a substantial likelihood of irreparable misidentification. *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974).

2. It was not error for a witness to identify his Richway credit card and check cashing card which had been taken from him during the robbery by Cooper. These items were fruits of the robbery which were found in the possession of the two men when arrested. Although Cooper actually took the cards, Price was a party to the crime as defined under Code Ann. § 26-801 and the evidence would also be admissible against him.

3. The trial court did not err in admitting into evidence state's exhibits 24-39, various credit cards and sales slips which were seized when the defendant and Cooper were arrested. The credit cards were identified as stolen from Mrs. Pierce during the robbery and the sales slips indicated use of the cards after the robbery. The arresting officer testified that the cards and one of the sales slips were taken from the person of Price. This evidence was also admissible for the reason stated in Division 2 above. Testimony of the circumstances of a defendant's arrest is admissible to be weighed by the jury for what it is worth. *McClung v. State,* 206 Ga. 421 (57 SE2d 559) (1950); *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974).

4. Defendant's contention that it was error to introduce into

evidence state's exhibit 21, the photographic display which was viewed by the witnesses, because they were "mug shots" and therefore placed his character in issue is without merit. In Georgia, the admission of a mug shot into evidence does not place a defendant's character in issue. *Creamer v. State,* 229 Ga. 704 (194 SE2d 73) (1972); *Anderson v. State,* 152 Ga. App. 268 (262 SE2d 560) (1979). Further, as we cannot find any objection in the record to the introduction of this evidence this enumeration will not be considered.

5. There was no evidence that the rule of sequestration was violated during the trial of the case. The transcript indicated that any conversation that the witnesses may have had about the case either among themselves or with the district attorney occurred prior to trial.

6. It was not error to allow into evidence the indictment and guilty pleas to the charge of forgery which was connected to the use of the stolen credit cards. The arresting officer testified that a sales slip indicating use of one of the cards at Ernie and Sons, $300-400 in small bills rolled up in a rubber band and 12-14 credit cards were taken from the person of the defendant. The indictment and plea were admissible as an exception to the other crimes rule because it tends to prove identity of the perpetrators of the robbery. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980).

7. Enumerations 10, 13, 14, 15 are not supported by argument or citation to authority and are deemed to be abandoned. Court of Appeals Rule 15 (c) (2).

8. The general grounds are also without merit. We have examined the entire record and find that a rational trier of fact could adduce from the evidence presented at trial that the defendant was guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 22, 1981.

*Larry A. Foster,* for appellant.
*Robert E. Keller, District Attorney, James W. Bradley, Michael D. Anderson, Assistant District Attorneys,* for appellee.