62661. BONNER v. THE STATE.

SOGNIER, Judge.

Bonner appeals his conviction of robbery on the grounds that his in-court identification by the victim was tainted, and that the trial court erred by denying appellant's motion for a mistrial after the court suggested that the victim (Davis) identify appellant as the man who robbed him (the victim).

The facts necessary to resolution of these issues are as follows. About 9:40 p. m. Davis was working in a service station and was approached by two men who asked for a can of gas. The two men returned about 10 minutes later and attacked Davis in a booth where he was working. They took money from atop the cash drawer, struck Davis in the face, demanded money and wrestled with Davis trying to get the key to the cash drawer. As soon as the men left, Davis called the police and then went to the police station. He was given four books of mug shots, and after looking at over 500 pictures, saw a picture of appellant and positively identified him as the person who assaulted Davis during the robbery. Three to four weeks later Davis was subpoenaed as a witness by appellant's probation officer. He attended a hearing in court at which appellant was present, but Davis was not called upon to testify. Davis did not know why the hearing was held, or why he had been subpoenaed. He did know when he left the hearing that appellant was the man alleged to have robbed

Davis.

1. Appellant contends that the hearing (which was for probation revocation) tainted Davis' in-court identification of appellant, because his constitutional right to have a lawyer present at a post-indictment show-up was violated.

We note initially that we know of no authority, and appellant has cited none, indicating that a probation revocation hearing is a showup. Thus, there is no issue to resolve as to violation of appellant's right to counsel at an alleged showup, as there was no showup in this case.

In regard to Davis' identification of appellant from looking at mug shots, our Supreme Court has held: "Whether a subsequent in-court identification is tainted depends on all the circumstances of the case. '. . . [C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' Simmons v. United States, 390 U. S. 377, 384 (1968)." *McCoy v. State,* 237 Ga. 62, 63 (226 SE2d 594) (1976). There is no evidence in the instant case to indicate that the photographic display was impermissibly suggestive. Davis went to the police station the night of the robbery, was given several books containing mug shots, and after looking at over 500 photographs saw a photograph of appellant, whom Davis identified positively as one of the two men who robbed him. At trial, Davis testified that his identification of appellant was based entirely on his encounter the night of the robbery. Davis was in a lighted booth at the brightly lighted service station. He was face to face with appellant, and had seen him 10 minutes earlier. Under such circumstances, there is nothing to indicate that anything occurred which would give rise to "a very substantial likelihood of irreparable misidentification." Simmons, supra.

2. During the hearing outside the presence of the jury to determine if the in-court identification of appellant was tainted, the trial judge asked Davis if he saw appellant in the courtroom. Davis replied in the affirmative, and in response to another question by the court as to where appellant was seated, Davis testified appellant was seated next to Mr. Rozier (one of two defense attorneys present). The following colloquy then occurred:

"The Court: What kind of jacket is he wearing?

"Mr. Davis: A green jacket.

"The Court: How is it fastened up the front?

"Mr. Davis: Zipped up the front, half way up."

There were two defendants on trial and appellant's co-

defendant was not wearing a jacket, but had on a blue sweatshirt. Appellant moved for a mistrial on the ground that since only appellant was wearing a jacket, the trial judge's question as to what kind of jacket appellant was wearing suggested to Davis that appellant was the defendant wearing the jacket; i.e., that the trial judge pointed out appellant. The trial court denied appellant's motion for a mistrial, and he contends that ruling was in error. We do not agree.

The record discloses that Mr. Rozier was seated between the two defendants, and it is clear the judge wanted to make sure which defendant Davis was referring to when he testified that appellant was sitting next to Mr. Rozier. Davis had already testified that he saw appellant in the courtroom, and indicated where he was sitting. In *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78) (1972), the Supreme Court held: " "The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion . . .' " Considering all circumstances of the case, together with the fact that Davis had already identified appellant, we find nothing suggestive in the trial judge's questions. Additionally, the trial judge stated he was not attempting to become an advocate, but was hearing evidence to develop fully the truth of the issue before him. Accordingly, we find no error.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 18, 1982.

*Douglas Gibson,* for appellant.
Joseph Bonner, *pro se.*
*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.