## 66264. SMITH v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of rape, aggravated sodomy, robbery, and possession of cocaine. Having been permitted to file an out of time appeal, he now takes issue with the trial court's failure to direct verdicts of acquittal, the court's admission of testimony regarding the victim's out of court identification of appellant as her assailant, and one of the jury instructions given by the trial court.

1. The victim testified that she was accosted by a man wielding a metal pipe as she walked down a street during the afternoon of January 5, 1982. He forced her to accompany him into an abandoned apartment building where he ordered her to undress, threatening her with physical harm if she did not comply. He placed his tongue upon her genitalia and then inserted his sex organ into her sex organ. Before leaving her, the man took money from the victim's purse. An investigating detective prepared two photographic spreads, both of which contained appellant's picture, and a lineup in which appellant participated. Each time, the victim chose appellant or his photograph as one resembling her assailant. Based on the victim's description of her attacker, a police officer arrested appellant and, during a pat-down search, discovered a bag containing a white powdery substance in appellant's pocket, a small spoon with residue thereon, and a syringe guard. The powder tested positive for cocaine.

"Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to

refuse to direct a verdict of acquittal. [Cits.]" *Poole v. State,* 159 Ga. App. 792 (285 SE2d 205). In light of the evidence summarized above, we cannot say that the evidentiary standard for directing a verdict of acquittal was met. Therefore the denial of the motions was not error. See *Paxton v. State,* 160 Ga. App. 19 (5) (285 SE2d 741). Furthermore, the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes with which he was charged. OCGA §§ 16-6-1 (Code Ann. § 26-2001); 16-6-2 (Code Ann. § 26-2002); 16-8-40 (Code Ann. § 26-1901); 16-13-30 (Code Ann. § 79A-811).

2. Appellant contends that the identification procedures were unduly suggestive and therefore violative of due process. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401). We must disagree with appellant's conclusion. There was no evidence that the photographic display was presented in an impermissibly suggestive manner, and the victim testified that the police officer made no indication as to whom to select. See *Price v. State,* 159 Ga. App. 662 (1) (284 SE2d 676). The allegations of suggestiveness presented by appellant now and at trial (differences in physical characteristics between appellant and the other photographed men) were not supported by any evidence. In fact, the police officer and the victim both denied the existence of the physical differences suggested by defense counsel. See *Caylor v. State,* 155 Ga. App. 489 (1) (270 SE2d 924). Inasmuch as the photographic arrays and lineup were not impermissibly suggestive, the trial court did not err in denying appellant's motion to suppress the victim's pre-trial identification of the appellant from the photographic displays and the lineup. *Nelson v. State,* 247 Ga. 172 (9) (274 SE2d 317).

3. Appellant claims that the jury instruction on reasonable doubt given by the trial court diluted the state's burden of proof and improperly placed a burden on appellant. The questioned charge was approved by this court in *Jenkins v. State,* 152 Ga. App. 637 (2) (263 SE2d 520), and, when read in its entirety, is not susceptible to appellant's allegations. The enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided September 9, 1983 —
Rehearing denied September 22, 1983.

*James W. Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, John Turner, Assistant District Attorneys,* for appellee.