## 75243. GRAHAM v. THE STATE.
(365 SE2d 482)

BANKE, Presiding Judge.

The appellant was convicted of burglary and possession of a firearm by a convicted felon. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in admitting

evidence of an incriminating statement which he made to a police detective two days following his arrest confessing, in essence, to his participation in the burglary. The appellant asserts that this evidence was inadmissible both because the detective had promised to help him leave Georgia for Kentucky in return for his cooperation and because he was not advised of his *Miranda* rights in a timely fashion.

With regard to the former contention, the detective testified during the *Jackson v. Denno* hearing as follows: "Q. Did you offer him any assistance in going back to Kentucky? A. The only thing that I told him that I could tell the authorities that he did cooperate with me. I told him I could not promise him anything or anyway to get him out of Georgia or get him back to Kentucky." A confession is not rendered involuntary by the mere fact that it is preceded by a promise to the accused that his cooperation will be revealed to the proper authorities, such as the district attorney or the judge. See *Rounds v. State*, 166 Ga. App. 212 (2) (303 SE2d 543) (1983); *State v. Summers*, 173 Ga. App. 24 (2) (325 SE2d 419) (1984).

The appellant's claim that his *Miranda* rights were violated is based on his assertion that the detective discussed with him the charges and the evidence against him before giving him the *Miranda* warnings. In this regard, the detective admitted that, prior to reading the *Miranda* warnings to the appellant, he explained who he was, why he was there, and what he already knew about the case from his prior investigation. The detective further testified, however, that he did not ask the appellant any specific questions about the offenses until *after* he had orally advised him of his *Miranda* rights and obtained his signature on a written waiver form.

"The state is required only to prove by a preponderance of the evidence that the appellant's statement was voluntarily made. [Cits.] . . . We must accept the trial court's determination that the appellant's statement was voluntarily made absent a showing that this determination was clearly erroneous. [Cits.]" *Tyler v. State*, 247 Ga. 119, 123 (274 SE2d 549) (1981). From the totality of the evidence presented at the *Jackson v. Denno* hearing in this case, the trial court was authorized to conclude that the appellant made his statement freely and voluntarily, without inducement of the slightest hope of benefit or fear of injury by the detective, and after full advisement of his *Miranda* rights. See generally OCGA § 24-3-50. It follows that the trial court did not err in admitting the statement.

2. The appellant contends that the trial court erred in failing to sever the trial on the burglary charge from the trial on the firearm possession charge. In *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), the Georgia Supreme Court ruled that where a defendant is charged both with possession of a firearm by a convicted felon and with a more serious offense which is unrelated in the sense that proof

of the former is not required to prove the latter, the trial must be bifurcated to prevent evidence of the defendant's prior felony conviction from influencing the jury unnecessarily. Because proof of the firearm possession charge in this case was in no way material or necessary to proof of the burglary charge, we must agree with the appellant that the trial court erred in not bifurcating the trial. However, we must agree with the state that the error was harmless in the context of the overwhelming evidence establishing the appellant's guilt of the burglary. In addition to his confession, there was evidence that the appellant was in possession of the property stolen from the burglarized premises on the night the burglary occurred, that he resisted arrest upon being apprehended that same night, and that he gave a false name both to the arresting officers and to the booking officers. Viewing the evidence in its entirety, we conclude that it is highly probable that the evidence of the appellant's prior felony convictions did not contribute to the verdict. Accord *Stone v. State*, 253 Ga. 433 (3) (321 SE2d 723) (1984); *Bogan v. State*, 177 Ga. App. 614 (1) (340 SE2d 256) (1986).

3. The evidence was amply sufficient to support the court's charge on flight.

4. The appellant's contention that the trial court erred in allowing the state to prove more than one of his prior felony convictions as a predicate to the firearm possession charge was not raised in the trial court and would, in any event, establish no ground for reversal, for the reasons set forth in Division 2 of this opinion.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 25, 1988.

*Linda B. Borsky*, for appellant.
*Thomas J. Charron, District Attorney*, for appellee.