75895. SELBO v. THE STATE.
(368 SE2d 548)

SOGNIER, Judge.

Appellant was convicted of burglary and he appeals. Appellant contends the trial court erred by overruling his plea in bar of trial and his motion to suppress identification testimony.

Although appellant titled his pretrial motion a PLEA IN BAR AND MOTION TO SUPPRESS IDENTIFICATION TESTIMONY it was, in fact, a motion to dismiss the indictment because a pretrial photographic spread was allegedly tainted, and any testimony about the pretrial identification would deny him his right to due process of law. On appeal, appellant presents no argument as to dismissal of the indictment, but confines his argument to denial of his motion to suppress testimony relating to any pretrial identification. Accordingly, we

will confine our discussion to that issue.

Evidence presented at a hearing on appellant's motion disclosed that Billy Shuman, the victims' grandson, went to his grandparents' home to rake the lawn. On arrival he went to the back of the house to pick up tools and saw appellant on the back porch. Shuman asked appellant what he was doing in the house, and when appellant could not get out the back door, he locked the screen door, ran into the house and locked a glass window door. Shuman ran to the front of the house but could not get in; as he was going back around the house appellant came out a rear bedroom window and started running. Shuman chased appellant about a mile or more but could not catch him. Shuman returned to his grandparents' house and used a neighbor's telephone to call the police. After the police checked the house Shuman accompanied them to the police station, and about three hours after the incident, assisted a police artist in making a composite sketch of appellant. One week later Shuman was called to the police station and was shown a photo spread of six persons, and asked if he could identify anyone. When Shuman got to the third photograph, which was a picture of appellant, he immediately identified appellant as the person he had seen at his grandparents' home. The police did not tell Shuman that appellant's photograph was in the group of six photos, nor did they tell Shuman that a suspect was in the group of photographs. When Shuman saw appellant's picture he stated without hesitation: "This is the man. I'll never forget his face." Shuman remained at the police station and shortly after lunch was asked to step into a room where the police had brought appellant; Shuman walked into the room, occupied only by appellant and one other man, and identified appellant.

Appellant argues that viewing the photo spread, followed a short time later by the in-person identification, created the likelihood of irreparable misidentification. We do not agree. First, the trial court excluded testimony about the in-person identification, which was subsequent to the photo spread identification. Thus, the in-person identification could not have tainted a *previous* identification. Second, Shuman identified appellant's picture immediately upon seeing it, and was positive in his identification of appellant. Further, the police said nothing to Shuman other than asking him to look at the photos, so their actions were not impermissibly suggestive and did not taint the photo spread identification in any way. Third, Shuman testified that as of the time appellant came out the window of his grandparents' house, appellant's facial features were fixed in Shuman's mind. This, together with Shuman's testimony that "I'll never forget his face," makes it clear that his identification was based on his observation of appellant at the scene of the offense, not on any impermissibly suggestive identification procedures employed by the police. Last, the

burglary occurred about 11:00 a.m. on a bright, sunny day, and Shuman was face to face with appellant for about a minute when he was first observed on the porch.

Based on the evidence we find nothing which tainted the pretrial identification by photo spread, and nothing in that identification which would taint Shuman's in-court identification of appellant. Whether a subsequent in-court identification is tainted depends on all the circumstances of the case. Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *McCoy v. State*, 237 Ga. 62, 63 (226 SE2d 594) (1976); *Bonner v. State*, 160 Ga. App. 902, 903 (1) (288 SE2d 612) (1982). In the instant case there is absolutely no evidence to show that the photo spread identification was tainted in any way. Even if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. *Price v. State*, 159 Ga. App. 662, 663 (1) (284 SE2d 676) (1981). Shuman's identification of appellant had such an independent origin, namely, his observation of appellant at the scene, evidenced by the fact that Shuman's composite sketch, made only three hours after the offense was committed, was almost identical to appellant's photograph, shown to Shuman a week later. Accordingly, the trial court did not err by denying appellant's motion to suppress the identification testimony.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 5, 1988.

*Kevin E. Perry*, for appellant.

*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney*, for appellee.