## 77127. HARRIS v. THE STATE.
(378 SE2d 912)

McMURRAY, Presiding Judge.

The Fulton County Grand Jury charged defendant in Indictment No. A86181 and Indictment No. A86182 with crimes stemming from two separate incidents. Defendant was first tried on the charges in Indictment No. A86182: burglary, armed robbery and three counts of false imprisonment. The trial began on February 23, 1987, and the evidence revealed the following:

At about 1:45 p.m. on August 25, 1986, Mr. and Mrs. Robert Crawford and their three-year-old child returned home from shopping and noticed that a "screen was down and [that] the burglar bar had been removed" from a window. Mrs. Crawford "went up to the door, an iron door, and . . . it was jarred open." When Mrs. Crawford "put her hand like she was going to open the knob[,] . . . the door was jerked open" and defendant appeared, holding one of Mr. Crawford's ".22 rifles." Defendant "pulled" the "slide clip" on the rifle, "grabbed [Mrs. Crawford] by the arm" and ordered the Crawfords into the house. The Crawfords, including their child, were forced to lie face down on the floor and defendant bound them with "shoelaces" and covered them with a "bedspread." Defendant resumed plundering the Crawfords' home and, before leaving, he took Mrs. Crawford's "pocketbook" and $130 from Mr. Crawford's pants pocket. Defendant made his escape in the Crawfords' "1985 Plymouth Horizon."

On September 7, 1986, the Crawfords' vehicle was recovered after a high speed chase between law enforcement officers and defendant. Defendant was then a suspect in an unrelated burglary. Items taken from the Crawfords' home and from the unrelated burglary were found in defendant's possession. From this and other evidence adduced at trial, defendant was found guilty of burglary, armed robbery

and two counts of false imprisonment.

On February 25, 1987, defendant was tried on the counts of burglary and theft by taking in Indictment No. A86181. The evidence adduced at trial was as follows:

At about 11:00 a.m. on September 7, 1986, Mrs. Cynthia Smith returned home from church and she observed an unfamiliar "white sub-compact car" parked in her driveway. Mrs. Smith "got out of [her] car and . . . started to go into the house, but then [she] backed up and . . . decided to get back in [her] car and go down to [a nearby] gas station . . . and call the police. . . ." Shortly after Mrs. Smith's departure, Ms. Sharon Neal, who then resided with the Smiths, returned home and observed a bearded man with "very unkempt hair" in "a white Horizon" automobile attempting to exit the driveway. Ms. Neal confronted the man who asked her was she "going to park?" The man moved the car he was in and Ms. Neal maneuvered her vehicle to a parking position. The man fled without further confrontation. After a few moments, a law enforcement officer approached Ms. Neal and made inquiry about an emergency phone call. Ms. Neal and the officer then investigated the Smiths' house and discovered that it had been burglarized.

At about 11:30 a.m., Officer M. L. Holder of the City of Atlanta Police Department received a lookout for a small white car driven by a bearded man "headed north on Peyton Road." A general description was given of the driver and Officer Holder began patrolling the area where the vehicle was last observed. A few minutes later, Officer Holder "spotted the vehicle on the side of [Interstate Highway] 285 southbound, parked in the emergency lane." The officer pulled behind the vehicle, put on the blue light, noticed that the engine was engaged, approached the driver and observed defendant "leaning over in the seat counting some money, mostly change." The officer asked defendant "to turn off the car and [hand over his] driver's license." Defendant did not comply and he attempted to flee. Officer Holder struggled with defendant, but the officer was repelled from the moving vehicle. A high-speed chase ensued and defendant successfully eluded law enforcement officers for "about 45 miles," colliding with several vehicles and approaching speeds of 110 miles per hour. Finally, defendant was apprehended and brought into police custody. Defendant there admitted that he "hit" the Smiths' house.

It was discovered that defendant was operating a stolen vehicle and that several items in defendant's possession were objects taken from the Smiths' home and from an unrelated theft. From this and other evidence, defendant was found guilty of burglary.

Defendant filed a consolidated motion for new trial from his convictions under both Indictment No. A86182 and Indictment No. A86181. In separate orders, the trial court denied defendant's motions

for new trial and defendant appeals therefrom. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in failing to suppress Mrs. Crawford's testimony relating to her pre-trial photographic identification of defendant. Defendant argues that the photographic identification procedure was impermissibly suggestive and that, as a result of the suggestive procedure, there was a substantial likelihood of irreparable misidentification at his trial on Indictment No. A86182.

"Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *McCoy v. State*, 237 Ga. 62, 63 (226 SE2d 594) (1976); *Bonner v. State*, 160 Ga. App. 902, 903 (1) (288 SE2d 612) (1982). . . . [However, even] if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. *Price v. State*, 159 Ga. App. 662, 663 (1) (284 SE2d 676) (1981)." *Selbo v. State*, 186 Ga. App. 779, 781 (368 SE2d 548).

In the case sub judice, Mrs. Crawford indicated that she had ample opportunity to observe defendant at the time of the armed robbery. In this regard, she testified that defendant was standing about five feet from her when she observed him in the doorway of her house holding a rifle. She also testified that the "sun was shining" at the time and that she and her husband had extensive conversations with defendant during the ordeal. Further, Mrs. Crawford gave a detailed description of the clothing defendant was wearing and she affirmed on cross-examination that she was "[t]rying to" make "as many mental notes as possible" during the armed robbery. This evidence shows that Mrs. Crawford's identification of defendant had such an independent origin, i.e., her observations of defendant at the scene, that the trial court did not err in denying defendant's motion to suppress.

2. Defendant contends in his second enumeration of error that the trial court erred in denying his motions for mistrial during his trial for the crimes committed at the Crawfords' house (Indictment No. A86182), arguing that the State's attorney impermissibly placed his character in issue by injecting evidence relevant to the Smith burglary (Indictment No. A86181). More specifically, defendant points to three objections he made during the testimony of three of the State's witnesses.

(a) Defendant's first objection came after the State's attorney asked the arresting police officer whether "the victim" gave him a description of the automobile that defendant was driving. Defendant moved for a mistrial and argued that the State's reference to a "victim" inferred that defendant was involved in other criminal activity.

The trial court ruled as follows: "I am going to deny the motion for mistrial. I don't see anything improper about that."

" 'The decision of whether to grant a mistrial . . . rests with the trial judge. (OCGA § 17-8-75). His decision will not be overturned on appeal absent a manifest abuse of discretion. (Cit.)' *Jones v. State*, 250 Ga. 166, 168 (3) (296 SE2d 598) (1982). See also *Johnson v. State*, 142 Ga. App. 526 (1) (236 SE2d 493) (1977)." *Grant v. State*, 185 Ga. App. 497 (1), 498 (364 SE2d 628). In the case sub judice, we have examined the context in which this question was raised and we find nothing which would have led the jury to believe that defendant was involved in another crime. Consequently, the trial court did not abuse its discretion in not ordering a mistrial.

(b) Next, defendant objected when Mrs. Cynthia Smith testified that defendant did not have "permission to have . . ." items that were found in the vehicle defendant was operating at the time of his arrest and which were taken from Mrs. Smith's home on September 7, 1986. Assuming without deciding that it was error to allow Mrs. Smith to testify that defendant did not have "permission to have . . ." items that were taken from her home on December 7, 1986, this error was harmless since other evidence was admitted without objection showing that defendant was in possession of goods taken from the Smiths' home on September 7, 1986. *Drake v. State*, 245 Ga. 798, 801 (3), 802 (267 SE2d 237).

(c) Finally, defendant objected after a law enforcement officer testified that he interrogated defendant and that during the interrogation he "advised [defendant] that [he] was investigating a large number of burglaries that had happened. . . ." The trial court immediately instructed the jury to "completely disregard the last answer of the witness." Defendant raised no further objection.

"If a motion for a mistrial is overruled but corrective instructions are given by the court and thereafter counsel fails to request further instructions or renews his motion for a mistrial, the overruling of the motion is not regarded as error. [*Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158).]" Daniel's Ga. Criminal Trial Prac. (1986 ed.) 550, § 20-24. In the case sub judice, since defendant neither objected to the trial court's corrective instructions nor renewed his motion for mistrial, we find no error.

3. Next, defendant contends the trial court erred in failing to suppress an incriminating statement he made during a police interrogation shortly after his arrest. Defendant refers to evidence adduced at a *Jackson v. Denno* (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing conducted during his trial on Indictment No. A86182 and argues that there was insufficient evidence to show that his statement was voluntarily made.

" 'The state is required only to prove by a preponderance of the

evidence that the [defendant's] statement was voluntarily made. (Cits.) . . . We must accept the trial court's determination that the [defendant's] statement was voluntarily made absent a showing that this determination was clearly erroneous. (Cits.)' *Tyler v. State*, 247 Ga. 119, 123 (274 SE2d 549) (1981)." *Graham v. State*, 185 Ga. App. 617 (1), 618 (365 SE2d 482).

In the case sub judice, defendant was advised of the charge against him and was twice advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), prior to questioning. Defendant indicated that he understood his rights, agreed to talk to one of the law enforcement officers and stated that he did not commit the crimes at the Crawfords' house, but that he " 'hit' " the Smiths' house. No threats or promises were made to defendant and defendant did not request an attorney during questioning. Under these circumstances, we are satisfied that the trial court's finding "that the defendant was advised of his *Miranda* rights and that he understood them and that he voluntarily waived them and that he thereafter gave a statement freely and voluntarily without any hope of benefit or fear of injury" were authorized. See *Graham v. State*, 185 Ga. App. 617 (1), supra.

4. In his final enumeration of error, defendant contends the trial court erred in allowing the State to impermissibly place his character in issue by injecting evidence relevant to the crime committed at the Crawfords' house (Indictment No. A86182) at his trial for the burglary at the Smiths' home (Indictment No. A86181). Defendant cites two portions of the trial transcript to support this enumeration of error.

(a) First, defendant complains of testimony showing that he was in possession of a piece of jewelry that was taken from the Crawfords' home at the time of his arrest. However, there was no contemporaneous objection with this testimony. Consequently, "[b]y failing to object contemporaneously, . . . trial counsel waived the error." *Cape v. State*, 246 Ga. 520, 524 (5) (272 SE2d 487). See *Smith v. State*, 180 Ga. App. 422, 423 (1), 424 (349 SE2d 279).

(b) Defendant's second argument is directed to his motion for mistrial raised after the State's attorney attempted to question a law enforcement officer about a photographic line-up that was presented to the victim of the Crawford burglary. While this inquiry may have been irrelevant to the charges against defendant relating to the crimes committed at the Smiths' home, we find no error since defendant opened the door to this line of inquiry upon his cross-examination of the law enforcement officer. See *Brown v. State*, 175 Ga. App. 246, 247 (3) (333 SE2d 124).

Further, the record shows that the trial court sustained defendant's objection by instructing the State's attorney not to "go into

that." However, the trial court did not rule on defendant's motion for mistrial and defendant did not press his motion for mistrial after the trial court's favorable ruling to his objection. "It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver. See, e.g., *Flowers v. Slash Pine Elec. Membership Corp.*, 122 Ga. App. 254 (176 SE2d 542) (1970); *Sprague v. State*, 147 Ga. App. 347 (3) (248 SE2d 711) (1978)." *Watts v. State*, 155 Ga. App. 376 (1), 377 (271 SE2d 29). In the case sub judice, there is nothing in the record to indicate that the trial court refused to rule on defendant's motion for mistrial. He simply heard argument of counsel and directed the State's attorney to refrain from his line of inquiry. After this direction, defendant's attorney did not insist on an express ruling. In fact, his only reply was, "[t]hank you, very much, your honor." Under these circumstances, we find no error which is now subject to review.

*Judgments affirmed. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 16, 1989.

Harry J. Bowden, Jonathan J. Wade, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, A. Thomas Jones, Assistant District Attorneys,* for appellee.