A90A0662. HOLLINGER v. THE STATE.
(394 SE2d 603)

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of armed robbery. Follow-

ing the imposition of sentence and the denial of his motion for a new trial, defendant appeals. *Held*:

1. Defendant contends the trial court erred in failing to suppress the identification testimony of a witness because the testimony was tainted by a suggestive photographic lineup. This contention is without merit.

"Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *McCoy v. State*, 237 Ga. 62, 63 (226 SE2d 594) (1976); *Bonner v. State*, 160 Ga. App. 902, 903 (1) (288 SE2d 612) (1982). . . . [But even] if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. *Price v. State*, 159 Ga. App. 662, 663 (1) (284 SE2d 676) (1981)." *Selbo v. State*, 186 Ga. App. 779, 781 (368 SE2d 548).

In the case sub judice, the witness had ample opportunity to observe defendant independently. Following the robberies, defendant and two accomplices (one of whom was the witness' uncle) made their way to the witness' house and waited on her patio for a few minutes until she agreed to drive them home. Defendant and one accomplice sat in the back seat of the witness' car and she looked at the two of them through the rear view mirror. All told, the witness was able to view defendant for approximately 10 minutes. She testified that she based her in-court identification of defendant upon her 10-minute observation and added that she would never forget defendant's face. Given these facts, we cannot say the trial court erred in failing to suppress the witness' in-court identification. *Harris v. State*, 190 Ga. App. 343, 345 (1) (378 SE2d 912).

2. Defendant asserts he was arrested illegally and that the trial court erred in failing to suppress evidence which was seized in conjunction with his arrest. In this regard, defendant concedes that the police had probable cause to arrest him. He points out, however, that he was arrested in his apartment without a warrant.

In *Payton v. New York*, 445 U. S. 573 (100 SC 1371, 63 LE2d 639), the United States Supreme Court held that the Fourth Amendment is violated when police make "a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." Id. at 576. Was the Fourth Amendment violated by the warrantless arrest of defendant inside his apartment? No. Although defendant testified otherwise, the arresting officer testified that defendant gave his consent to the entry of his apartment. Compare *Griffith v. State*, 172 Ga. App. 255, 256 (1) (322 SE2d 921), in which defendant did not consent to the officers' entry into his home. Moreover, the evidence

was clear that the police did not intend to arrest defendant when they approached his home. The investigating officer who arrested defendant only went to defendant's apartment to further his investigation. At that time, defendant was a mere suspect and the officer did not know his name. The officer went to defendant's apartment with the hope of finding defendant's mother and asking her some questions. It was not until he spoke with defendant and saw defendant's jacket (which matched the description of a jacket worn by one of the perpetrators) that the investigating officer placed defendant under arrest. Thus, the trial court was authorized to conclude that defendant's arrest was lawful and that the subsequent seizure of evidence in conjunction with defendant's arrest was proper. See *Starr v. State*, 159 Ga. App. 386 (283 SE2d 630).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 15, 1990.

*Rochelle L. Cross*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Grover W. Hudgins, Rebecca A. Keel, Assistant District Attorneys*, for appellee.