## A01A0144. BLACK v. THE STATE.

(548 SE2d 9)

ELDRIDGE, Judge.

Following a bench trial, Terrance C. Black was found guilty of driving under the influence of alcohol ("DUI") — less safe driver; DUI — excessive blood alcohol concentration ("BAC"); and following too closely. The trial court sentenced Black on the DUI — excessive BAC count of the accusation. He appeals, and finding no merit to his claims of error, we affirm his conviction.

1. In his first two enumerations of error, Black contends the implied consent notice given on the scene by the arresting officer was both untimely and incorrectly recited. However, we have reviewed the transcript with regard to the alleged preservation of these errors for appeal. At the time the arresting officer testified, no objection was raised as to the timeliness of the implied consent notice or to the content thereof. Further, the Intoximeter operator testified about Black's breath test and its result, which showed a 0.186 BAC. No objection was registered to this testimony. It was only at the time the State sought introduction of State's Exhibit 1, the computer printout of Black's Intoximeter test result, that Black objected. In so doing, Black listed numerous reasons for exclusion of State's Exhibit 1:

> [Defense Counsel:] Your Honor, numerous objections, foundational and otherwise. As far as his permits, I would like to, as far as his operating permit perhaps I can take him on voir dire on that issue. But other than that, Implied Consent was not timely read. Implied Consent was not properly read. I would renew my objection for your Honor not excluding the evidence earlier in the day [based on an alleged discovery violation]. But I would like to be able to ask him some questions on foundational issues having to do with his operating permit.

Thereafter, Black voir dired the Intoximeter operator regarding the validity of his operating permit and presented legal argument that the operator's certificate should be introduced as the "best evidence" of its validity. The trial court admitted State's Exhibit 1 over such objection. "It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver."[1] On the record before this Court, we cannot say the instant

---

[1] *Watts v. State*, 155 Ga. App. 376, 377 (271 SE2d 29) (1980). Accord *Bell v. Owens*, 230 Ga. App. 826, 828 (3) (497 SE2d 591) (1998); *Obi v. State*, 230 Ga. App. 476, 477 (3) (496 SE2d 556) (1998); *Peterson v. State*, 212 Ga. App. 31, 33 (3) (441 SE2d 267) (1994); *Harris v. State*, 190 Ga. App. 343, 348 (4) (b) (378 SE2d 912) (1989).

enumerations of error regarding implied consent were fairly raised and/or ruled upon by the trial court. Black buried his claims regarding the timeliness and content of the implied consent notice into an oral laundry list of objections regarding the introduction of the Intoximeter printout; he then presented legal argument only on the validity of the Intoximeter operator's permit in relation to the admissibility of the printout; and thereafter he obtained an express ruling *only* on the validity of the Intoximeter operator's permit in relation to the admissibility of the printout. Such tactic cannot be seen as securing a ruling from the trial court regarding the timeliness and/or content of the implied consent notice.

Here the record shows that, after securing a ruling on the validity of the operator's permit, Black did not redirect the trial court's attention to the issue of implied consent; he did not explain to the trial court his basis for believing the implied consent was untimely and/or not accurate; he did not present legal argument on such issues; and he did not secure a specific ruling with regard to these issues. Nor did Black raise such issues on motion for new trial in order to obtain a ruling from the trial court.

> Thus, the trial court was never called upon to make a ruling on the grounds now argued by appellant[ ] before this Court. It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial. This allegation of error is waived.[2]

2. Black's conviction for DUI — less safe driver was merged into his conviction for DUI — excessive BAC. Accordingly, any claims of error with regard to sufficiency of the evidence demonstrating Black was a less safe driver are rendered moot.[3]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 27, 2001 —

D.U.I. Fulton Traffic Court. Before Judge Jackson.

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim*, for appellant.

---

[2] (Citations and punctuation omitted.) *Jones v. State*, 225 Ga. App. 673, 676 (484 SE2d 702) (1997).

[3] See, e.g., *Carter v. State*, 237 Ga. App. 703, 710 (6) (516 SE2d 556) (1999).

*Joseph J. Drolet, Solicitor, Vickie S. Madden, Assistant Solicitor,*
for appellee.