### 76854. BUSENER v. THE STATE.
(373 SE2d 81)

BIRDSONG, Chief Judge.

The appellant, Janet Busener, appeals from a jury verdict of

guilty of one count of solicitation of sodomy and one count of solicitation of sexual intercourse for money. Police officer C. B. Houston, while not on duty during the evening of February 8, 1987, was using a phone in a lounge at a hotel at Gwinnett Place Mall, and observed a female handing out "business cards" to males waiting to use the phone. Officer Houston was given one of the cards which stated: "Janet and Associates" and gave two telephone numbers. He asked her what type of business she was in and she used her finger to spell out: "S E X," and he said: "Oh, sex, and she said, Yes . . . then she said it's a lot cheaper than the agencies you would go to." Officer Houston gave the card to his supervisor who assigned the investigation to Officer S. H. Ledford. Ledford checked out the phone numbers listed. One was a home phone and one was a beeper. He called the beeper number and gave the number of an "undercover phone" at the police station which would not come through the police switchboard. About ten minutes after he called the beeper, a female called and said: "Hello, I'm Janet," and asked his name. He told her "Dave" and that he had met her the previous evening at the lounge. He heard her "beeper" go off and she told him she had to "call her agency" and would call him back. She called back in about ten minutes and he asked her the cost of her service. She said $100 per call. The officer wanted to know what he would get for his hundred dollars. She said that she would model lingerie, do a strip dance, give a massage and "engage in the other." They agreed to a meeting at a restaurant next to a motel.

When the officer arrived at the restaurant, he saw two females at a booth and asked: "Janet?" She said, "Dave," and they walked to the motel. The officer again asked what he would get for his hundred dollars: "She stated . . . she hadn't received any complaints or anything and I asked her, I said, Well, for this hundred dollars do I get half and half? Well, half and half is street logo for prostitution is half oral sex and half sexual intercourse. She stated that I would get that." As the officer inserted the key in the motel door, he asked defendant how long would he have and she replied, "an hour and a half." He told her it would probably be a little longer and placed her under arrest and read her *Miranda* rights to her from a card he carried. After she had been arrested and Mirandized, her pocketbook was searched and found to contain a box of condoms and a "pocket credit card" machine along with blank charge sheets. After being placed in the police car, appellant stated "she was a prostitute and that she had been a prostitute for approximately five years." She requested the police to take custody of her car. Her car was impounded and found to contain "intimate lingerie . . ." and a box of business cards stating "Janet and Associates." While enroute to jail, appellant's beeper was called "eight times." Appellant brings this appeal from a jury verdict

of guilty as to both counts. *Held*:

Appellant enumerates as error only the trial court's refusal to give two requested charges on the defense of "entrapment." "Entrapment" occurs when the criminal design originates not with an accused, but within the mind of a government agent, and the accused is, by persuasion, deceitful misrepresentation, or inducement, lured into the commission of a criminal act he or she is not otherwise predisposed to commit. *Sorrells v. United States*, 287 U. S. 435, 445 (53 SC 210, 77 LE 413); OCGA § 16-3-25. However, artifice and stratagem may be employed to catch those engaged in criminal enterprises and it is not entrapment merely to furnish an opportunity to commit an offense if the individual is predisposed to undertake such commission. *Pennyman v. State*, 175 Ga. App. 405, 407 (333 SE2d 659). "Even repeated requests and offers of money do not make out an entrapment situation as a matter of law." *Paras v. State*, 247 Ga. 75, 77 (2) (274 SE2d 451). Hence, the entrapment defense is composed of three distinct elements: "(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime." *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452). "Predisposition" to commit the offense is the key element of this defense. *Johnson v. State*, 147 Ga. App. 92, 93 (248 SE2d 168).

In the instant appeal, appellant's solicitation of the police officer precluded a claim that the crime originated with the police. The evidence shows no undue persuasion or incitment to commit the offense, but merely an offer to enter into an agreement to commit the offenses of sodomy and sexual intercourse. Appellant admitted she was a prostitute, and had been engaged in that profession for the past five years and her predisposition to commit these offenses was clearly demonstrated by her business card, her solicitation of the general public, possession of a box of condoms and portable apparatus and blank charge sheets for acceptance of credit card payment for her services. Appellants "conceded predisposition rendered this defense unavailable to [her]." *Hampton v. United States*, 425 U. S. 484, 490 (96 SC 1646, 48 LE2d 113).

It was not error for the trial court to refuse to charge on entrapment, when there is no evidence establishing such defense. *Conner v. State*, 251 Ga. 113, 115 (2) (a) (303 SE2d 266). These enumerations are without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 13, 1988.

G. *Hughel Harrison*, for appellant.
*Gerald N. Blaney, Jr., Solicitor*, for appellee.