## 55952. JOHNSON v. THE STATE.

McMURRAY, Judge.

Defendant was indicted on two counts of the offense of violation of the Georgia Controlled Substances Act. The jury returned a verdict of guilty as to Count 1, selling

phenobarbital, and as to Count 2, selling marijuana. Defendant appeals. *Held:*

1. Defendant enumerates as error the refusal of the trial court to charge on entrapment. The drug purchase in question was made when a Georgia Bureau of Investigation special agent accompanied an informant to defendant's home. The defendant testified that she was induced to sell the controlled substances to the informant by his repeated requests and pleas for these items, claiming that he was sick and needed drugs.

Repeated requests on the part of an officer or agent do not raise the defense of entrapment. Repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs has been held not to be entrapment. See *Garrett v. State,* 133 Ga. App. 564, 566 (3) (211 SE2d 584).

The focus of the entrapment defense is the intent or predisposition of the defendant to commit the crime. Sherman v. United States, 356 U. S. 369 (78 SC 819; 2 LE 2d 848); Sorrells v. United States, 287 U. S. 435 (53 SC 210, 77 LE 413); Hampton v. United States, 425 U. S. 484 (96 SC 1646; 48 LE2d 113). The defendant in *Garrett v. State,* supra, was shown by his testimony to be predisposed to sell drugs.

Here there was no evidence of any predisposition on the part of the defendant to deal in drugs. On the other hand, defendant's testimony is that the state's informant created the criminal design by undue persuasion, incitement and deceitful means. Also, entrapment was the sole defense relied upon by defendant. The trial court erred in failing to charge on entrapment. Sherman v. United States, supra; *Tolbert v. State,* 138 Ga. App. 724 (227 SE2d 416); Code § 26-905.

2. The remaining enumerations are unlikely to recur upon retrial.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED SEPTEMBER 6, 1978.

*Kenneth S. McBurnett,* for appellant.

*Dupont K. Cheney, District Attorney,* for appellee.