## 59576. LEONARDI v. THE STATE.

DEEN, Chief Judge.
The defendant was convicted on a two-count indictment charging cocaine sales. The trial chronology is substantially as follows: Garson, a friend of the defendant, was won over by statements of a waitress (who turned out to be a police informer) that she liked and needed cocaine, that there was a great deal of money to be made by supplying it, and that she had a friend who

could dispose of all he could get. Garson testified for the defendant that he was convinced by these statements, repeated them to the defendant and suggested that the latter meet the girl and consider being an intermediary. They went to her apartment where she produced the supposed buyer, who was in fact a member of the narcotics squad. Garson thereafter went to Florida and decided to give up the scheme. The defendant, encouraged by both Garson and the girl, went to New York, where according to his testimony he contacted old acquaintances, turned up a supplier, and returned to Georgia with cocaine samples, two of which he sold to the police officer. Upon the ensuing trial his plea of entrapment was unavailing and he appeals from a conviction on both counts.

1. The evidence, uncontradicted as to the main events, is confused as to intent in that each witness understandably attempted to shift blame. The narcotics agent, testifying for the state, told the jury that he met the defendant at the informer's apartment, that the defendant initiated the conversation by asking him what he was in the market for and told him he had good connections in New York; that the agent said he could use one or two pounds and the defendant gave him a telephone number, and on his return from New York had two more meetings at which he sold two "samples" and took an order for 2.2 pounds.

The informer testified for the state that Garson first approached her saying he had a friend with a New York source and did she know anyone interested in buying cocaine. She accordingly arranged the meeting at her apartment at which the agent, the defendant and Garson were present. She admitted having worked for the police for over a year, being paid on a cash basis, and hearing Garson insist they could make a lot of money.

Garson testified for the defendant that the informer first begged him to find drugs for her saying she really liked cocaine, that when she persisted he decided to help her; that he was excited by her representations to him that they could make a lot of money; that he conveyed this anticipation to the defendant who became eager to participate due to this urging, that the agent told them at the apartment that funds were no problem; he could take any amount they could turn up, but that he decided, when in Florida visiting his parents, that he did not want to participate but that he did not tell the defendant this.

Leonardi testified that when he went to the informer's apartment he had no intention of selling cocaine, that he at first tried to discourage Garson but later became excited over the amount of money ($50,000) they assured him he could make, that he was talked into it, that he had no drug source but after being

over-persuaded he contacted old friends in New York and did turn up a drug source from whom he bought the samples which he sold to the undercover agent on his return.

"Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." Code § 26-905. The appellant relies on *Robinson v. State,* 145 Ga. App. 17 (243 SE2d 257) (1978), where the defendant's evidence established a prima facie defense of entrapment and the state failed to come forward with a contrary showing. The same situation occurred in *Johnson v. State,* 147 Ga. App. 92 (248 SE2d 168) (1978), where there was a complete failure to charge on the defense. Here the charge was given, and the state produced evidence from which the jury could find that the idea of procuring drugs originated with the defendant rather than any of the other persons involved. We also call attention to *Perry v. State,* 143 Ga. App. 227 (237 SE2d 705) (1977), a classic example of a good entrapment defense. There undisputed evidence of the defendant established that he was pursuaded into taking part in a drug-buying scheme on the pretense that he was in fact helping a friend who was a police informer to trap some drug dealers. Perry testified that he acted as requested and was arrested on a drug-buying charge. The court held that if his story was untrue the state could easily have unmasked it by producing the informer, but that it failed to do so or otherwise to challenge his testimony.

In the present case the testimony presents a jury question as to whether the defendant was a willing participant in a scheme represented as being very lucrative, or whether he was the victim of undue persuasion and deceit. The main contention, however, is that it was Garson who, after himself being led into the role, communicated his enthusiasm to the defendant and thus innocently "incited" him to procure the drugs, and that this was the entrapment. He accordingly urges that it was reversible error to charge the jury that if he "was incited, persuaded, or subjected to deceitful practices by someone other than a police officer or agent of the police officer, that does not provide any excuse or justification to the defendant to violate a criminal law." We agree with Lynn v. State, 505 P2d 1337 (Okla. Crim., 1973), that the informer need not be a paid informer to fulfill the agency role contemplated by the statute. To the same effect see People v. Long, 399 NYS2d 678 (N.Y., 1977), holding that knowledge by a third person that he is being used by the police is not essential to establish the defense. On

the other hand, however, the mere fact that the defendant was persuaded (if he was) by a friend to engage in practices he knew to be criminal simply to "make a lot of money" does not constitute entrapment; if it did, practically every offender could find and rely on such incidents in his own past. The affirmative defense was fully and fairly presented.

2. It was not error to sustain an objection to a line of questioning seeking to establish a sexual relation between the informer and a third party not relevant to the trial of any issue in this case. Code § 38-201; *Edwards v. State,* 55 Ga. App. 187 (3) (189 SE 678) (1937).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED MARCH 5, 1980 — DECIDED APRIL 10, 1980 — REHEARING DENIED APRIL 24, 1980 — 

*Michael Weinstock,* for appellant.
*Thomas J. Charron, District Attorney,* for appellee.