*A. Harris Adams,* for appellee.

## 59278. JOHNSON v. THE STATE.

SOGNIER, Judge.

Johnson was convicted in the Superior Court of Floyd County of violation of the Georgia Controlled Substances Act (Code Ann. § 79A-801 et seq.). On appeal, he contends the trial court erred in denying his motion for a new trial (1) on the general grounds; (2) because he was tried by a jury which had been fatally tainted, prejudiced and biased before it was impanelled and sworn; and (3) because the state failed to establish the necessary chain of custody of the alleged marijuana.

1. On August 8, 1977 John Arthur was an undercover narcotics agent for the Georgia Bureau of Investigation. About 11:30 a.m. on that date in Rome, Georgia, Arthur was introduced to Johnson by an informer and Arthur made arrangements to buy an ounce of marijuana from Johnson. Johnson said he did not have the marijuana with him, but would meet Arthur and the informer at a place called the Chicken Shack about 1:30 p.m. As Arthur and the informer were leaving Johnson called the informer back and told him the marijuana would be in a brown paper sack in Johnson's car. Arthur and the informer arrived at the Chicken Shack about 2:00 p.m. and Johnson told the informer to get the bag out of Johnson's car. The informer got the bag and gave it to Arthur, who removed one plastic bag containing a green leafy substance and put $35 in the paper bag. Johnson then got in the car and drove off. Arthur went to his hotel room, tagged the plastic bag with a GBI evidence tag, and put the tagged plastic bag in a zip-lock bag. He then locked the bag in his briefcase and kept it in his possession until he turned it over to James Roberson at the State Crime Laboratory. Roberson, a chemist, determined that the green leafy substance purchased by Arthur was marijuana.

This evidence is more than sufficient to sustain a conviction for possession and sale of marijuana. The marijuana was in the car driven by Johnson, and he directed the informant to give the sack containing marijuana to Arthur; this is sufficient to show that Johnson exercised dominion and control over the marijuana. Further, the fact that no evidence was presented concerning disposition of the paper bag after Arthur removed the marijuana and put $35 in the bag is immaterial. "Unless otherwise explicitly

agreed title passes to the buyer at the time and place at which the *seller* completes his performance with reference to the physical delivery of the goods . . ." Code Ann. § 109A-2—401 (2). (Emphasis supplied.); *American &c. Ins. Co. v. Cotton States &c. Ins. Co.,* 149 Ga. App. 280, 281 (2) (253 SE2d 825) (1979). Thus a sale, as defined in Code Ann. § 109A-2—106, was completed when Johnson caused the marijuana to be delivered to Arthur. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant contends the jury was tainted, prejudiced and biased before it was impanelled and sworn. However, there is nothing in the record to support this contention. This court cannot consider factual representations in a brief which do not appear in the record. *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 586 (1) (198 SE2d 281) (1973); *Konscol v. Konscol,* 151 Ga. App. 696 (261 SE2d 438) (1979). Had appellant desired to establish that the jurors were not impartial because they had tried a similar case (or cases), it should have been done by a challenge to the array on voir dire examination. *Quinlan v. State,* 13 Ga. App. 669, 670 (79 SE 768) (1913).

3. In Enumeration 3 appellant contends the trial court erred by allowing introduction of the marijuana in evidence, over objection, when the state failed to establish the requisite chain of custody of the marijuana. Only two persons handled the marijuana; Arthur, who put an identifying number on the plastic bag before placing it in a zip-lock bag, and Roberson, who was given the zip-lock bag by Arthur. From the time Arthur received the marijuana until he delivered it to Roberson, it was kept in Arthur's locked briefcase. Roberson also placed an identifying number on the zip-lock bag; both men identified the marijuana positively. It is difficult to imagine a stronger chain of custody; no link is missing, and this enumeration has no merit.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted January 14, 1980 — Decided April 15, 1980.

*Christopher A. Frazier,* for appellant.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.