## 40800. KEATON v. THE STATE.
(316 SE2d 452)

SMITH, Justice.

Appellant Thomas Keaton, Jr., was indicted for two counts of selling marijuana in violation of the Georgia Controlled Substances Act. OCGA § 16-13-30. He was tried before a jury, convicted, and sentenced to six years' imprisonment for each count, these sentences to be served concurrently. On direct appeal the Court of Appeals affirmed. *Keaton v. State*, 169 Ga. App. 527 (313 SE2d 721) (1984). We granted certiorari and now reverse.

The evidence introduced at trial showed that on the night of October 14, 1982, Keaton, age seventeen, and friends had congregated at Arly's, a combination video arcade, pool hall and bar in Carrollton. Keaton was approached by Shirley Dawson, an undercover narcotics agent employed by the Georgia Bureau of Investigation, who inquired if he had any marijuana to sell. Keaton replied that he had no marijuana, but would speak with friends who might be able to supply some. Later that evening, Keaton approached Agent Dawson and offered the name of an acquaintance who had marijuana to sell. Dawson asked Keaton to act as a middleman in the purchase, and he agreed. Dawson gave Keaton $25 and drove him to a nearby residence where he went inside and returned with a bag of marijuana, which he handed to Dawson. One week later, on October 21, a similar transaction involving a second seller occurred.

At trial Keaton admitted being involved in the drug purchases,

but defended on the ground that, on each occasion, he had agreed to assist Agent Dawson in her drug purchases only after persistent requests by her and after consuming a considerable quantity of beer, allegedly purchased by Dawson. Keaton also said that he did not profit from the sales, maintaining that his only involvement in each transaction was to act as a go-between for Dawson and the seller. Two other defense witnesses, also minors and regular patrons of Arly's, testified that Dawson had bought beer for them on various occasions. One of these witnesses said that Keaton appeared to be intoxicated when he arranged the October 14 purchase for Agent Dawson. Dawson denied purchasing any beer for minors during the undercover operation.

The only question for decision is the correctness of the trial court's charge on entrapment. In addition to the standard entrapment charge based on the language of OCGA § 16-3-25, the court instructed the jury as follows: "[I]t is no entrapment to commit a crime where the officers merely furnish an opportunity to a criminal who is ready and willing to commit an offense. If an officer of the law had reason to believe that the law is being violated he or she may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. *If an officer acts in good faith in the honest belief that the defendant is engaged in unlawful conduct of which the offense charged is a part,* and the purpose of the officer is not to induce an innocent man to commit a crime, but to secure evidence upon which a guilty man can be brought to justice, the defense of entrapment is without merit." (Emphasis supplied.)

Keaton argues that the italicized portion of the charge erroneously caused the jury to focus on the subjective state of mind of the police officer, in effect creating a "good faith" exception to the entrapment defense. This argument is well taken.[1]

The language of the challenged charge was derived, almost verbatim, from the Court of Appeals' decision in *Sutton v. State,* 59 Ga. App. 198, 200 (200 SE 225) (1938). It was specifically approved in *Rucker v. State,* 135 Ga. App. 468 (3) (218 SE2d 146) (1975), and can be found in the book of pattern jury charges for criminal cases prepared by the Council of Superior Court Judges. The trial judge's use of this charge is, therefore, understandable. It is unfortunate that the dicta from *Sutton* upon which the charge was based is inconsistent with the modern entrapment defense as embodied in OCGA § 16-3-25 and recent case precedent.

In Georgia, the entrapment defense consists of three distinct ele-

---

[1] Keaton does not object to the non-italicized portion of the quoted charge, and we find it to be a correct statement of the applicable law.

ments: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. OCGA § 16-3-25 (enacted in 1968). See *Schaffer v. State Board of Veterinary Medicine*, 143 Ga. App. 68, 71 (237 SE2d 510) (1977); Kurtz, Criminal Offenses in Georgia, p. 119 (1980). Under the majority view (which is followed in Georgia), the predisposition of the defendant toward crime is the key element of the defense. *Johnson v. State*, 147 Ga. App. 92, 93 (248 SE2d 168) (1978) (citing Sherman v. United States, 356 U. S. 369 (78 SC 819, 2 LE2d 848) (1958), and Sorrells v. United States, 287 U. S. 435 (53 SC 210, 77 LE 413) (1932)).

Thus it can readily be seen that, while proof of a defendant's "innocent" state of mind (i.e., non-predisposition) is essential to maintenance of a successful entrapment defense, the state agent's subjective state of mind is irrelevant to the determination of whether the crime was induced by "undue persuasion, incitement, or deceitful means." The agent's conduct is to be viewed objectively, and evaluated by the jury in light of the standard of conduct exercised by reasonable persons generally. See LaFave and Scott, Criminal Law, § 48, at p. 371 (1972). A contrary view would be inconsistent with the theory of the entrapment defense, which is to deter government conduct that entices innocent persons to break the law. See *Jones v. State*, 101 Ga. App. 851, 863 (115 SE2d 576) (1960). In this case Keaton presented evidence which, if believed by the jury, would have authorized an acquittal based on the entrapment defense. The judge then charged the jury that, if they found that the officer "act[ed] in good faith in the honest belief that the defendant [was] engaged in unlawful conduct," the defense of entrapment was without merit. This part of the charge was erroneous, and it effectively negated Keaton's main line of defense. We cannot say that it is highly probable that this error did not contribute to the verdict of guilty. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). To the extent that *Rucker v. State*, supra, *Sutton v. State*, supra, and *Cherry v. State*, 98 Ga. App. 107 (104 SE2d 694) (1958) are in conflict with the views expressed herein, those decisions are hereby overruled.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 12, 1984.

*Word, Cook & Word, Gerald P. Word,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.