### 70360. MARTIN v. THE STATE.
(334 SE2d 32)

BENHAM, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act. On appeal he questions the sufficiency of the evidence, the denial of his motion for directed verdicts of acquittal, and the denial of his special demurrer to the indictment.

1. The first count of the indictment alleged that appellant possessed with intent to distribute capsules inscribed "Lilly 66" containing a mixture of Amobarbital and Secobarbital, Schedule II drugs. Appellant maintains that the indictment was fatally defective in that it failed to specify whether the drugs involved were narcotic or nonnarcotic. See OCGA § 16-13-30 (c)-(f). "The true test of the sufficiency of the indictment is not 'whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' [Cits.]" *Moran v. State*, 170 Ga. App. 837, 841-42 (318 SE2d 716) (1984). The indictment under attack was sufficient in that it informed the defendant he was charged with possessing with intent to distribute a controlled substance, red and blue "Lilly 66" capsules containing a mixture of Amobarbital and Secobarbital. The "narcotic/non-narcotic" description makes a difference only when one is being sentenced as a recidivist. See OCGA § 16-13-30 (c)-(f). Inasmuch as appellant was neither tried as a recidivist nor given a sentence reserved for recidivists, we fail to see any harm appellant has suffered from the State's failure to distinguish between a narcotic and a non-narcotic drug. Failure to show harm vitiates any possible error.

2. The State presented evidence that appellant wished to find someone who had a supply of marijuana. A confidential informant introduced two undercover officers to appellant who, one agent testified, wanted to exchange pills for marijuana. When they rendezvoused a week later, appellant insisted upon receiving marijuana and refused to sell the pills to the agent for cash. Later that day the agent arranged another meeting with appellant, telling him "to bring what he wanted to trade with him" to an appointed spot. When appellant arrived, the agent asked to see the contraband and was shown the pills which are the subject of the indictment against appellant. Appellant was then arrested and charged with possession of drugs with intent to distribute. Appellant maintains that he was entrapped and that, even if he was not entrapped, there was no evidence of an intent to distribute the drugs which he readily admits he possessed.

"Entrapment exists where the idea and the intention to commit the act originate with a police officer, who, by undue persuasion and deceitful means, induces the defendant to violate the law. But there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense. [Cit.]" *Sibley v. State*, 166 Ga. App. 142 (1) (303 SE2d 465) (1983). See also OCGA § 16-3-25. " 'Because the phrase "undue persuasion" is used in context with "incitement or deceitful means" in [OCGA § 16-3-25] it must mean something more than repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs.' [Cit.]" *Bennett v. State*, 158 Ga. App. 421 (1) (280 SE2d 429) (1981). Appellant's testimony reflects his predisposition to commit the crime, thereby negating his entrapment defense. He admitted he dealt in drugs "if somebody ha[d] some pot they might want to trade," and that he met the undercover officer with the intention of trading the pills he had for the marijuana he believed the agent to have. This testimony also rebuts appellant's assertion that he did not have the intention to distribute the contraband. "The jury was instructed as to the defense of entrapment and there is evidence to support their verdict. [Cit.]" Id. at 422. The trial court did not err in denying appellant's various motions for directed verdict, and there was sufficient evidence for a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Smith v. State*, 168 Ga. App. 92 (1) (308 SE2d 226) (1983).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1985.

*Charles E. Day*, for appellant.

*John M. Ott, District Attorney*, for appellee.