## 77821. GRAY v. THE STATE.
(381 SE2d 312)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of trafficking in cocaine. He appeals from the judgment of·conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant enumerates the general grounds. The evidence, construed most strongly in support of the guilty verdict, showed that, in a transaction arranged by a confidential informant, appellant sold 55.5 grams of cocaine to a police officer. The evidence was more than sufficient to authorize a rational trior of fact to find proof of appellant's guilt of violating OCGA § 16-13-31 beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the denial of his motion to compel disclosure of the identity of the confidential informant who had arranged the sale of the cocaine. The contention is that disclosure was essential in order to secure the informant as a witness in connection with appellant's entrapment defense. See generally *Moore v. State*, 187 Ga. App. 387, 388 (2) (370 SE2d 517) (1988).

" 'The mere invocation of the word "entrapment" does not magi-

cally create a viable defense.' [Cit.] 'The proper ruling will depend upon the specific facts and circumstances of each individual case.' [Cit.]" *State v. Royal*, 247 Ga. 309, 312 (2) fn. 4 (275 SE2d 646) (1981). "In Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must in induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. [Cits.]" *Keaton v. State*, 253 Ga. 70, 71-72 (316 SE2d 452) (1984). Appellant testified that, after his initial refusal, he eventually complied with the informant's repeated requests to make the sale of cocaine. Appellant also testified that he had never sold drugs before. Nevertheless, appellant further freely testified that, *on this occasion*, he sold the drugs for the money. Appellant was asked if he sold the drugs "simply to make money yourself?" He responded: "Yes. Because I needed [money] at the time, and I figure if I do a favor for someone to get something for his personal need, personal use, or whatever you going to use it for . . . . [A]t the time I needed the money." More importantly, appellant testified that he "would have done this for any other friends in that neighborhood [who] had asked [him and who] would have been willing to pay [him] the same amount . . . ." This evidence clearly shows that the sale was *not* the result of any undue coercion and that appellant *was* predisposed to sell drugs for money. As in *Jones v. State*, 154 Ga. App. 21, 25 (2) (267 SE2d 323) (1980), "[a]ppellant's testimony does not show he was induced, by undue persuasion, or deceitful means, in an overall design of law enforcement people, to do what he otherwise had no predisposition to do and would not have done. [Cits.] Appellant's testimony falls short of evincing those circumstances which have been found to raise the entrapment defense. [Cits.]"

No authority supports the proposition that, notwithstanding an admission that he was amenable to selling drugs to anyone for money, a defendant's otherwise unrebutted claim of no previous criminal activity is sufficient probative evidence of his non-predisposition to engage in such activity. Compare *Bennett v. State*, 158 Ga. App. 421 (1) (280 SE2d 429) (1981). First-offender status may be relevant to appellant's sentencing, but it has no bearing on the issue of his guilt or innocence of the crime for which he is on trial. Assuming that this was appellant's first sale of drugs, he had the personal misfortune of having his initial criminal venture foiled by an informant. Such misfortune does not, however, equate to a viable entrapment defense. "[T]he mere fact that the defendant was persuaded . . . to engage in practices he knew to be criminal simply to 'make a lot of money' does not constitute entrapment; if it did, practically every offender could find and rely on such incidents in his own past." *Leonardi v. State*,

154 Ga. App. 402, 405 (1) (268 SE2d 380) (1980).

If it was error to fail to disclose the identity of the informant in this case, it would be error to fail to disclose the identity of the informant in almost every case. To grant appellant's motion would compromise the confidentiality of the informant simply because appellant testified that he sold the drugs for money and would create a viable defense based upon appellant's mere invocation of the word "entrapment" when, under the specific facts and circumstances of this case, no such viable defense was raised. The trial court did not err in denying appellant's motion to disclose the identity of the confidential informant.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

I respectfully dissent. While I agree with the majority's conclusion that the evidence was sufficient to support the verdict, I cannot concur in Division 2 because I find appellant raised the defense of entrapment, and that under the particular circumstances of this case disclosure of the identity of the informant, the only witness to the alleged entrapment, should have been compelled.

The evidence adduced at trial revealed that the confidential informant had been dispatched by an Atlanta police investigator to locate drug dealers in the neighborhood at issue. Appellant testified without rebuttal that the informant approached him and solicited a cocaine sale, making repeated requests in response to appellant's initial refusal. Although this was the only evidence of undue coercion, evidence also was adduced indicating that appellant was not predisposed to sell cocaine, as appellant testified that he had never sold drugs before, a statement not challenged by the State. See *Bennett v. State,* 158 Ga. App. 421, 422 (1) (280 SE2d 429) (1981); *Hall v. State,* 136 Ga. App. 622, 623 (222 SE2d 140) (1975); compare *Martin v. State,* 175 Ga. App. 704, 705 (2) (334 SE2d 32) (1985). Appellant also stated that he sold the cocaine only upon the repeated and insistent requests from the informant, and that he did not even have any cocaine but had to obtain it from someone else. Conversely, he also stated that he was in severe financial difficulty and was enticed by the promise of a $300 cut from the sale. Thus, although the evidence did not demand a finding of entrapment, a question of fact was presented for determination by the jury, see *State v. Royal,* 247 Ga. 309 (275 SE2d 646) (1981); see also *Marshall v. State,* 143 Ga. App. 249, 251-253 (1) (237 SE2d 709) (1977), and the burden was on the State to disprove the defense beyond a reasonable doubt. *Coleman v. State,* 141 Ga. App. 193, 194 (2) (233 SE2d 42) (1977).

"[W]here the informer is a witness or participant [in the alleged crime], a request for disclosure requires the trial court to balance the benefits of disclosure to the defendant against the resulting harm to the government. *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957); [cit.] 'Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the *possible significance* of the informant's testimony, and other relevant factors.' *Roviaro*, supra at 62. Where a defendant charges that a confidential informant has entrapped him outside the presence of any other witnesses, *Roviaro* would ordinarily *require* disclosure of the informant's identity, since the defense of entrapment would rest upon allegations which only the informant could confirm or deny." (Footnote omitted; emphasis supplied.) *Royal*, supra at 312 (2).

I find this case to be controlled by *Royal*, and accordingly agree with appellant that under the circumstances the trial court should have compelled the disclosure of the informant's identity. Unlike the defendant in *Royal*, here appellant filed the requisite motions, informed the court he intended to rely on an entrapment defense, and presented evidence of same. He properly sought disclosure of the identity of the informant, who was the only witness to the initiation of the cocaine sale and thus the only person who could confirm or deny appellant's claim of entrapment. Had the informant's name been provided to appellant, he then could have subpoenaed the informant for trial testimony central to the entrapment issue. The cases cited by the majority, *Leonardi v. State,* 154 Ga. App. 402 (268 SE2d 380) (1980) and *Jones v. State*, 154 Ga. App. 21 (267 SE2d 323) (1980), are not controlling here because in each of those cases this court considered whether the evidence regarding entrapment required a directed verdict of acquittal, not whether a jury question had been presented on the entrapment issue. *Leonardi*, supra at 403-405 (1); *Jones*, supra at 24-25 (2). Further, there was no question in either case of availability of the identity of the sole witness to the alleged entrapment, as either the informant or another witness to the event at issue testified at each trial.

As I find the trial court's failure to compel the disclosure of the informant's identity was harmful error, I would reverse. See generally *Moore v. State*, 187 Ga. App. 387, 392-393 (370 SE2d 511) (1988).

DECIDED MARCH 16, 1989 —
REHEARING DENIED MARCH 29, 1989 — ▮▮▮▮▮▮▮

*A. Nevell Owens*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew*

*Weathers, Charles Smegal, Assistant District Attorneys*, for appellee.