A89A1918. HUSH v. THE STATE.

(387 SE2d 651)

SOGNIER, Judge.

George Hush appeals from his conviction of trafficking in cocaine.

The evidence adduced at trial would have authorized the jury to find the following facts. Walter Dale Martin had been purchasing cocaine from appellant and his wife, Kathy Hush, for approximately seven or eight months when he was arrested in Bartow County on August 17, 1988, and charged with possession of cocaine with intent to distribute. Martin agreed to work with Investigator Michael D. Shinall of the Bartow County Sheriff's Office to see if he could purchase cocaine from the Hushes in Bartow County. Under the supervision of Shinall, Martin attempted to contact the Hushes several times on August 17th and 18th, but did not reach anyone until August 19th. On that date, he spoke with Kathy Hush twice. In the first telephone call, Martin ordered an ounce of cocaine. In the second telephone call, Kathy Hush informed Martin that appellant would be making the delivery and put appellant on the telephone to give Martin directions to the location in Bartow County where they would meet. In his testimony, appellant corroborated the fact that he spoke

with Martin only to give him directions. At approximately 9:00 p.m. that evening, Martin arrived at the prearranged location with Shinall. Shinall testified that Martin was in custody, and he and his clothing had been searched to make sure he was not carrying any drugs. Appellant arrived shortly thereafter and was arrested in possession of a black bag containing what was later identified as 28 grams of at least 95 percent pure cocaine.

1. Appellant raises the general grounds in two enumerations of error, but fails to support these enumerations with argument or citation of authority. Accordingly, these enumerations are deemed abandoned under Rule 15 (c) (2) of this court. *Motes v. State*, 189 Ga. App. 430 (1) (375 SE2d 893) (1988).

2. Appellant contends the trial court erred by refusing to give his requested charges regarding entrapment, which was his sole defense, because he testified that he had "never sold any drugs before in my life to anybody" and because the idea for the "controlled buy" in issue here originated with Shinall. We do not agree.

"In Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. [Cits.]" *Keaton v. State*, 253 Ga. 70, 71-72 (316 SE2d 452) (1984). The evidence, including appellant's testimony, shows that Shinall never spoke to him, much less persuaded him to sell drugs, and that Martin spoke to him only to give him directions to the location of the "buy," which cannot be considered undue influence. Moreover, Martin testified that he had bought cocaine from appellant on two previous occasions, and appellant's bare statement that he had never sold drugs before was insufficient to establish that he was not predisposed to commit the crime. See generally *Gray v. State*, 191 Ga. App. 135, 136 (381 SE2d 312) (1989). "Appellant's testimony does not show he was induced, by undue persuasion, or deceitful means, in an overall design of law enforcement people, to do what he otherwise had no predisposition to do and would not have done. [Cits.] Appellant's testimony falls short of evincing those circumstances which have been found to raise the entrapment defense. [Cits.]" *Jones v. State*, 154 Ga. App. 21, 25 (2) (267 SE2d 323) (1980). It is not error for the trial court to refuse to charge on entrapment when there is no evidence establishing such defense. *Busener v. State*, 188 Ga. App. 392, 394 (373 SE2d 81) (1988). Nor does the fact that entrapment was the only defense raised by appellant require a different result. "Where there is no evidence to support a theory of [entrapment], it is no more 'raised' than any other defense not supported by evidence." *Conner v. State*, 251 Ga. 113, 115 (2) (a) (303 SE2d 266) (1983).

3. Appellant also contends the trial court erred by denying his motion for a mistrial made after the prosecutor commented on appellant's wife's failure to testify. Kathy Hush had elected to invoke her privilege not to testify pursuant to OCGA § 24-9-23, and the prosecutor was notified of her election prior to trial. On direct examination, appellant was asked whether he knew how his wife had met Martin. Appellant began his answer but the prosecutor interrupted and objected, saying "[o]f course, Your Honor, this is hearsay . . . if this is hearsay, I want to hear from Mrs. Hush. If you're listening to hearsay, I don't want to hear any hearsay, you put Mrs. Hush up here." Appellant moved for a mistrial, which the trial court denied. The trial court did, however, instruct the jury that "the Defendant doesn't have to offer any evidence whatsoever. The State always has the burden of proving the Defendant guilty beyond a reasonable doubt," whereupon the motion for a mistrial was renewed and denied.

While we agree with appellant that the comment was improper, see *James v. State*, 223 Ga. 677, 682-684 (5) (157 SE2d 471) (1967); *Westbrook v. State*, 162 Ga. App. 130 (1) (290 SE2d 333) (1982), and the curative instruction given by the trial court was meager, nevertheless, the grant or denial of a mistrial is within the sound discretion of the trial court. See *Wilkerson v. State*, 183 Ga. App. 26, 27 (1) (357 SE2d 814) (1987). "In the absence of a demonstration that a mistrial was essential to preservation of appellant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial, even in the absence of curative instructions. [Cit.] Under the circumstances of this case, including the overwhelming evidence of appellant's guilt, we find no abuse of discretion." *Little v. State*, 178 Ga. App. 268, 270 (342 SE2d 712) (1986).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1989.

*Greene & Greene, Barry B. Greene*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.