## A90A0305. ROLISON v. THE STATE.
### (394 SE2d 631)

POPE, Judge.

Defendant Terry Gino Rolison was convicted of distributing cocaine in violation of the Georgia Controlled Substances Act. He appeals from the denial of his motion for new trial. We affirm.

1. Defendant challenges the portion of the trial court's charge defining the offense of distributing a controlled substance on the ground that the charge as given did not conform to the indictment. The record shows that although the trial court recited portions of the Georgia Controlled Substances Act in defining the offense, the court immediately thereafter instructed the jury that it would be authorized to return a guilty verdict only if it found beyond a reasonable doubt that the defendant "did . . . distribute cocaine, a controlled substance, *as charged in the indictment. . . .*" (Emphasis supplied.)

Following the charge, the defendant objected on the basis that the trial court's reference to the Code allowed the jury to convict the defendant in a manner other than that alleged in the indictment. Consequently, the trial court instructed the jury to disregard the portion of the definition of the offense taken from the Code and recharged only that portion declaring it to "be unlawful for any person to possess with intent to distribute any controlled substance, except as authorized in this law." On appeal defendant maintains that this recharge was also at variance with the indictment, inasmuch as the indictment charged that defendant knowingly and with intent did "distribute" a controlled substance, and the court's charge referred to "possession" with intent to distribute. We find no merit to this contention. "The charge, when considered in its entirety, fairly instructed the jurors that they could convict the defendant only of the offense with which he was charged in the indictment." *Lumpkin v. State,* 249 Ga. 834, 836 (295 SE2d 86) (1982). See also *Williams v. State,* 185 Ga. App. 633 (1) (365 SE2d 491) (1988); *Davis v. State,* 184 Ga. App. 230 (2) (361 SE2d 229) (1987); *Searcy v. State,* 168 Ga. App. 233 (308 SE2d 621) (1) (1983); cf. *Walker v. State,* 146 Ga. App. 237 (246

SE2d 206) (1978).

2. Defendant also contends the evidence was insufficient to convict him, and specifically challenges that portion of the evidence identifying him as the perpetrator of the offense. After careful review of the transcript, we find the evidence, including the testimony of the undercover agent identifying defendant as the person who sold him rock cocaine, was sufficient to enable a rational trier of fact to find defendant guilty of the offense charged beyond a reasonable doubt. See *Gray v. State*, 191 Ga. App. 135 (1) (381 SE2d 312) (1989).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only in Division 1.*

DECIDED MAY 23, 1990.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellant.
*Ralph M. Walke, District Attorney, Tyson Blue, Assistant District Attorney*, for appellee.