A93A2417. GILBERT v. THE STATE.
(441 SE2d 785)

POPE, Chief Judge.

Defendant Joseph F. Gilbert, a/k/a Joey Gilbert, was tried before a jury and found guilty of possessing methamphetamine with intent to distribute in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and life sentence entered by the trial court on the jury's verdict.

1. Gilbert moved to suppress the drugs found on his person, contending that his warrantless arrest was without probable cause. The denial of this motion, Gilbert's fourth enumeration, will be considered first.

Only the arresting officer testified at the hearing on defendant's motion and his testimony would authorize the following facts: A female confidential informant, whose previous information had led to successful drug prosecutions, told police that defendant and possibly his brother Kevin were dealing cocaine out of their house on Lynn Street in Griffin, Georgia. A warrant authorizing the search of defendant's home and person was issued by a magistrate. Moments before the execution of this warrant, the confidential informant telephoned defendant at his home and spoke with him. She then told police that defendant was home and that he was then in possession of drugs. As police vehicles approached defendant's residence, a white Mercedes-Benz was seen backing out of the driveway. When the officers recognized defendant as the driver of the Mercedes, they blocked the path of the car in the street. Defendant was removed from his vehicle and

a pat-down search of his person revealed a plastic bag of white powder in his pants.

"A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the accused had committed or was committing an offense. [Cits.]" *Callaway v. State*, 257 Ga. 12 (2) (354 SE2d 118) (1987). Based upon the contemporaneous trustworthy tip from a known and reliable informant that defendant was then in possession of cocaine, the police had probable cause to stop his automobile and lawfully arrest him for that possession. *McKenzie v. State*, 208 Ga. App. 683 (1) (431 SE2d 715) (1993). It follows that the search of his person yielding the substance subsequently identified as methamphetamine was incidental to that lawful arrest and that the trial court correctly denied defendant's motion to suppress. *Powell v. State*, 170 Ga. App. 185 (1) (316 SE2d 779) (1984).

2. The trial court refused to give a requested jury instruction on the defense of entrapment, concluding that there was no evidence to support this charge. This ruling is enumerated as error.

There are three distinct elements to the entrapment defense of OCGA § 16-3-25: (1) the idea for the commission of the crime must originate with the State agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452) (1984). Defendant took the stand and admitted to using amphetamines while working in construction. He testified that he agreed to deliver a small amount to a woman named Cathy Cobb only after she had importuned him fifteen times in three days to obtain amphetamines for her. Cathy Cobb was a former acquaintance from high school whom defendant had not seen in a number of years. There was evidence before the jury that the police used but one female confidential informant in this investigation and that she had spoken with defendant moments before he was arrested. The question for determination is whether this evidence is sufficient to authorize defendant's requested charge on entrapment as an affirmative defense.

These circumstances authorize, but do not demand, the inference that Cathy Cobb was the female confidential informant who telephoned defendant just before he was arrested asking if he had the drugs in his possession. This is sufficient to make her the agent of the State for purposes of establishing a prima facie case of entrapment. *Leonardi v. State*, 154 Ga. App. 402 (1) (268 SE2d 380) (1980). Defendant's testimony that he agreed to give Cathy Cobb four grams of amphetamines at no profit to himself and that he would not have

agreed to transport or distribute anything except to stop her insistent calling at his home makes out a prima facie case of entrapment. See *Emanuel v. State*, 260 Ga. 425 (396 SE2d 225) (1990). In light of this evidence, the trial court erred in refusing to give appropriate instructions on entrapment, defendant's sole defense. *Tolbert v. State*, 138 Ga. App. 724 (1) (227 SE2d 416) (1976).

3. As noted above, the linchpin to defendant's entrapment defense is the permissible inference that the State's confidential informant was the same person who called defendant fifteen times in three days trying to obtain amphetamines. However, the evidence does not demand the conclusion that the woman who phoned defendant was the State's agent, and therefore, the trial court did not err in denying Gilbert's motion for a directed verdict of acquittal. See *State v. Royal*, 247 Ga. 309 (1) (275 SE2d 646) (1981); *Hattaway v. State*, 185 Ga. App. 607, 609 (365 SE2d 480) (1988). Compare *Emanuel v. State*, 260 Ga. at 425.

4. Defendant also argues the trial court erroneously refused to employ compulsory process to obtain the presence of Cathy Cobb, then in custody at Hardwick Correctional Institute. Any question of the timeliness of defendant's demand for the presence of a witness in the custody of the State is unlikely to recur at retrial. However, the mere fact that a defendant may not have moved for the disclosure of an informant's *identity* under the authority of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) scarcely amounts to a waiver of the constitutional right to insist on the *presence* and *testimony* of a known and identified witness who is in the custody of the State. *Roberts v. State of Ga.*, 72 Ga. 673 (1) (1884); 1983 Ga. Const., Art. I, Sec. I, Par. XIV.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DENIED MARCH 8, 1994 —

*Wallace & Moss, Howard P. Wallace*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Tammy M. Griner, Daniel A. Hiatt, Assistant District Attorneys*, for appellee.