A97A0944. LAWRENCE v. THE STATE.
(487 SE2d 608)

ELDRIDGE, Judge.

On February 15, 1995, at approximately 7:00 p.m., appellant, Eugene Brenton Lawrence, was walking down Atlanta Street in Gainesville, Hall County, adjacent to the city's housing projects, when two undercover police officers, members of the Hall County Multi Agency Narcotics Squad ("MANS"), drove by in a truck; appellant waved and yelled at them. The agents turned around and came back to talk to appellant. Appellant came over to the truck and asked them what they were doing. Appellant asked the agents what they needed, and Agent Neville asked appellant to sell them drugs, i.e., "two twenties." By appellant's own testimony, the agents asked appellant if he would get them some "crack" cocaine in exchange for drugs and money, and appellant agreed, took money from an agent, and left to get the drugs. Agent Neville, before giving appellant the money, asked appellant how he, Neville, could be sure that appellant would come back with the drugs; appellant gave them his Bible to

hold until he returned. Appellant went into the projects to get the drugs after taking the money from the agents. Appellant returned a few minutes later with the "crack," which he gave to the agents. The agents then arrested appellant.

Appellant was taken to the MANS headquarters, where he was searched. A piece of crack cocaine and a crack smoking pipe were recovered during the search of appellant's shirt pocket. Appellant testified that he was a drug addict and that he had broken the crack off the piece that he gave to the agents.

Expert testimony was presented that the substance delivered to the agents and the substance found in appellant's possession were both consistent with the appearance of crack cocaine; one of the pieces was tested for and found to be crack cocaine. While only one piece was tested, appellant admitted that he had broken off the piece found in his possession from the other piece given to the agents.

Appellant was convicted on one count of sale of cocaine and one count of possession of cocaine.

1. Appellant's first enumeration of error is that there is insufficient evidence to prove that the substance, either possessed or sold, was cocaine and that there is insufficient evidence to support a conviction on either count of the indictment.

The expert testified that both pieces, one delivered to the agents by appellant and the other found on appellant, appeared consistent with crack cocaine and that one piece tested positive for cocaine, while the other piece was not tested. Appellant testified that the piece taken from his possession was broken off the piece that he delivered to the officers. Thus, while only one piece had been tested by the expert, by appellant's admission, both pieces came from one larger piece; therefore, there was sufficient evidence before the jury for the jury to find beyond a reasonable doubt that both pieces were cocaine. "On appeal of a criminal conviction, the evidence is to be viewed 'in the light most favorable to the prosecution' (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant." (Footnote omitted.) *Adams v. State,* 255 Ga. 356, 357 (338 SE2d 860) (1986). The evidence was such that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's second enumeration is that, based upon the evidence presented, he cannot be convicted of both sale and possession of cocaine. We do not agree.

The evidence showed that the agents paid money to appellant for the purchase of cocaine. Whether or not appellant acted only as a "middleman" or obtained the crack cocaine from his own stash of cocaine, all of the elements of the crime of sale of a controlled sub-

stance have been satisfied. *Harmon v. State*, 235 Ga. 329 (219 SE2d 441) (1975); *Sullivan v. State*, 178 Ga. App. 769 (344 SE2d 737) (1986). Possession of the cocaine sold is a lesser included offense of sale of the *same* cocaine. *Harmon v. State*, supra at 330.

However, when appellant intends to sell only part and not all of the cocaine in his possession, selling some and retaining the rest, the elements of both sale and simple possession have been satisfied as separate offenses. "If a person intends to distribute only a designated part of narcotics which are possessed, both the offense of possession and [sale] may be punished. Merger does not occur because possession of the undesignated narcotic was not necessary for the intended [sale]. [Cits.]" *Howard v. State*, 144 Ga. App. 208, 209 (1) (240 SE2d 908) (1977). Thus, under the facts of the case sub judice, appellant is guilty under both counts of the indictment on two separate offenses, sale to the agents and simple possession for his own use; each "[is] not included but each may be committed exclusive of the other. The difference between them is one of kind and not merely one of degree ([cit.])." *Buford v. State*, 162 Ga. App. 498, 499 (4) (291 SE2d 256) (1982).

3. The third enumeration of error is that the evidence did not show that appellant "sold" anything to the agents. We do not agree.

The evidence showed that the agents asked for "two twenties" as a specific quantity and price for crack cocaine; appellant then took the money and delivered the drugs from his possession to the possession of the agents. Thus, a drug sale occurred as a matter of law. See *Robinson v. State*, 164 Ga. App. 652, 653-654 (1) (297 SE2d 751) (1982); see also *Johnson v. State*, 154 Ga. App. 353 (1) (268 SE2d 406) (1980). Even if appellant, under the circumstances, is not treated as the actual seller but merely the conduit or intermediary by which the sale took place, appellant is guilty of selling cocaine, because appellant aided and abetted the sale as a party to the crime. OCGA § 16-2-20 (a), (b) (3); *Wright v. State*, 165 Ga. App. 790 (1) (302 SE2d 706) (1983).

4. The fourth enumeration of error is that there exists a fatal variance between the evidence and the indictment alleging that appellant sold cocaine. We disagree.

As found in Division 3 herein, the evidence sufficiently showed that appellant sold cocaine to the agents. Even if, arguendo, appellant's argument that he was a mere conduit is accepted, then he is guilty of aiding and abetting the sale as a party thereto. Therefore, there exists no variance between the indictment and the evidence. See generally *Gentry v. State*, 212 Ga. App. 79, 83 (4) (441 SE2d 249) (1994).

5. The fifth enumeration of error is that the trial court erred in admitting appellant's custodial statement because it was not volun-

tarily given but was given in the hope of receiving a benefit.

After conducting a lengthy hearing under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial judge found that appellant's custodial statement was freely and voluntarily made without hope or expectation of benefit.

"Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the 'hope of benefit' sufficient to render a statement inadmissible under OCGA § 24-3-50. *Helton v. State*, 206 Ga. App. 600 (426 SE2d 172) (1992). It is the province of the trial court to weigh the credibility of the witnesses and unless clearly erroneous, its findings of fact will be upheld on appeal. *Caffo v. State*, 247 Ga. 751 (279 SE2d 678) (1981)." *Arline v. State*, 264 Ga. 843, 844 (2) (452 SE2d 115) (1995); see also *Brown v. State*, 259 Ga. 453, 454 (383 SE2d 882) (1989); *Gadson v. State*, 197 Ga. App. 315, 316 (1) (398 SE2d 409) (1990), overruled on other grounds, *Davis v. State*, 209 Ga. App. 572 (434 SE2d 132) (1993). The trial court did not err in admitting the statement of appellant.

6. Appellant's sixth enumeration of error is that the trial court erred in failing to give appellant's request to charge on his sole defense, entrapment. We do not agree.

The evidence presented does not as a matter of law present the issue of entrapment, because appellant, as an admitted drug addict without any money, demonstrated a predisposition to possess and to sell crack cocaine. Even if appellant's testimony, wherein he told the agents that he did not sell drugs and that he later sold them drugs only after repeated requests by the agents, is accepted as true, such conduct does not constitute entrapment. "Repeated requests on the part of an officer or agent do not raise the defense of entrapment. Repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs has been held not to be entrapment. See *Garrett v. State*, 133 Ga. App. 564, 566 (3) (211 SE2d 584) [(1974)]." *Johnson v. State*, 147 Ga. App. 92, 93 (1) (248 SE2d 168) (1978). Thus, an addict who takes money to buy drugs for another hoping either to share the drugs or earn a fee with which to buy his own drugs has the requisite predisposition to commit the crimes of possession, possession with intent to sell or distribute, or sale. *Mason v. State*, 194 Ga. App. 152, 153 (390 SE2d 246) (1990). It is not error to refuse to charge on entrapment when the evidence fails to create a legal issue of entrapment. *Keaton v. State*, 253 Ga. 70, 71-72 (316 SE2d 452) (1984); *Rutledge v. State*, 218 Ga. App. 130, 132 (1) (460 SE2d 551) (1995); *Mason v. State*, supra at 153; *Gray v. State*, 191 Ga. App. 135, 136 (381 SE2d 312) (1989).

7. Appellant's seventh enumeration of error is that the trial court erred in refusing to grant a new trial based upon newly discovered evidence concerning the state's key witness.

In his amended motion for new trial filed on October 3, 1996, appellant raised the issue as to Agent Neville's credibility, based upon an unrelated case in which Neville was allegedly impeached by prior inconsistent testimony in a suppression hearing and in which the trial judge suppressed the confession as a consequence. On November 13, 1996, the trial court denied the instant motion for new trial on each and every ground.

Under OCGA § 5-5-23, newly discovered evidence that is merely "impeaching in its character," cannot be the basis for a new trial. See *Timberlake v. State*, 246 Ga. 488, 491-493 (1) (271 SE2d 792) (1980). Further, as appellant's testimony alone was sufficient to establish the commission of the crime, it cannot be said that the evidence about which appellant complains "would probably produce a different verdict." *Alexander v. State*, 186 Ga. App. 787, 790 (4) (368 SE2d 550) (1988).

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MAY 22, 1997 —
RECONSIDERATION DISMISSED JUNE 26, 1997.

*Thompson, Fox, Chandler, Homans & Hicks, Robert L. Chandler, Cheryl H. Kelley*, for appellant.

Eugene B. Lawrence, *pro se.*

*Lydia J. Sartain, District Attorney, James V. Branch, Assistant District Attorney*, for appellee.