## A00A1181. BROWN v. THE STATE.
(534 SE2d 206)

BARNES, Judge.

Bobby Leroy Brown was convicted of the offense of possession of cocaine with intent to distribute. His sole enumeration of error contends the evidence was insufficient to sustain the verdict. We find otherwise and affirm.

The State's evidence showed that three members of the Athens-Clarke County Drug Task Force, working undercover in the early afternoon, stopped at an intersection in an area of reportedly intense drug activity. After watching Brown openly engage in an apparent drug transaction, the agent driving the undercover vehicle approached Brown and said he needed a "twenty," meaning $20 worth of crack cocaine. Brown walked over to the vehicle and inquired about the other men inside the van. Apparently satisfied with the agent's explanation of "just a couple drunks," Brown then displayed a large wad of cash. Brown informed him that he "didn't sell twenties, that he only sold one hundreds." After the agent borrowed some money from the two other officers, Brown asked him to drive around the block and come back.

After doing so, the agent was approached by Ricky Peek who instructed him to drive around the block yet again. When the agents returned, Brown and Peek were standing together, and Brown motioned them to drive into a parking lot behind an apartment complex. While pulling into the lot, the agent saw Brown hand two items to Peek. When Peek offered to sell him two small pieces of crack cocaine, the agent rejected the deal, telling Peek that he would not pay $100 for two $10 pieces of crack. At that point, Brown walked up to the agent and said, "Look, you take it or leave it." Brown fled as soon as the drug agents identified themselves, but Peek was arrested on the spot. Police chased Brown without success but, acting on a tip, found Brown hiding inside a nearby house, pretending to be asleep. In court, the three investigators identified Brown as the person brokering the cocaine deal.

In challenging the sufficiency of the evidence, Brown urges that the evidence merely established that he was present at the apartment complex but did not prove he had cocaine in his possession or that he sold any crack to the undercover agents. He argues that the

State failed to prove the origin of the cash he had and points out that the only cocaine recovered was found on Peek, his co-defendant. He further claims that a defense witness provided "credible, un-impeached testimony" concerning the origin of the money in his possession.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and Brown no longer enjoys the presumption of innocence. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). Nor does this court weigh the evidence or determine witness credibility. *Brown v. State*, 229 Ga. App. 87, 91 (4) (493 SE2d 230) (1997).

Here, according to the officers' testimony, Brown said he sold cocaine in large quantities, displayed a large amount of cash, ordered the agent to drive his vehicle around the block, supplied Peek with two items immediately before Peek offered to sell two small pieces of crack, and when the drug deal stalled, Brown walked up and issued his "take it or leave it" ultimatum. See *Lawrence v. State*, 227 Ga. App. 70, 72 (3) (487 SE2d 608) (1997) (aiding and abetting in the sale of cocaine makes one a party to the crime).

Further, consistent with Brown's inculpatory remark that he was selling only "hundreds," Brown possessed $612 in cash, comprised of five $100, one $50, three $20, and two $1 bills. Also, Brown immediately fled when the officers identified themselves. See *Hogans v. State*, 251 Ga. 242 (1) (304 SE2d 699) (1983) (jury may consider whether flight constitutes some evidence of guilt). Moreover, possession of a large amount of currency in certain denominations, as here, may help to establish an intent to distribute. *Houston v. State*, 180 Ga. App. 267, 268 (3) (b) (349 SE2d 228) (1986). Plainly, this evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for a jury to find beyond a reasonable doubt that Brown was a party to the crime and committed the offense of possession of cocaine with intent to distribute. See *Jones v. State*, 225 Ga. App. 673, 674 (1) (484 SE2d 702) (1997).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 5, 2000.

*Adrienne R. McFall,* for appellant.
*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney,* for appellee.