## A01A0698. MITCHELL v. THE STATE.
(548 SE2d 469)

MILLER, Judge.

A jury found Haywood Mitchell guilty of the sale and delivery of cocaine and of possession of cocaine. He appeals, contending that the State failed to rebut his entrapment defense. He also challenges the admission of similar transaction evidence and the denial of his motion for new trial. We affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[1] So construed, the evidence shows that at approximately 9:00 p.m. on January 9, 1998, an undercover agent drove his truck into the parking lot of a gas station/ convenience store located in an area where police had received numerous complaints about street-level `drug sales. The agent noticed Mitchell outside, "just standing there," not engaged in any of the store's business activities. Suspecting that Mitchell would sell cocaine, the agent nodded to him. Mitchell approached the truck and asked the agent what he needed, and the agent asked for a "twenty," referring to a $20 piece of cocaine. The agent handed $20 to Mitchell, who then stepped into the store. Moments later, Mitchell returned to the car and handed the agent a rock of crack cocaine, although smaller than the usual $20 size.

The agent testified that Mitchell then entered the passenger side of the truck and asked the agent to break off a piece of the cocaine for his use. Suspecting that Mitchell had already pinched off the rock, the agent refused, but offered to purchase more cocaine from Mitchell. Mitchell directed the agent to a house, and as they drove there, Mitchell smoked crack cocaine from a crack pipe. Having arrived at the residence, Mitchell again took $20 from the agent, went inside, then returned with another rock of crack cocaine. Before handing it to the agent, he broke off a piece, explaining, "I'm going to get me a little piece for myself, for my troubles." When the agent drove off, police in a marked patrol car stopped the truck and arrested Mitchell.

To show a similar transaction, the State also presented evidence that at approximately 6:00 p.m. on May 28, 1996, a police officer

---

[1] *Brown v. State,* 243 Ga. App. 842, 843 (534 SE2d 206) (2000).

noticed Mitchell outside the same gas station/convenience store, "lingering in the area of the entrance to the station," not engaged in any of the store's business activities. When the uniformed officer started driving his marked patrol car toward Mitchell, Mitchell quickly reached under his shirt, rummaged around his waistline, then removed his hand, all the while keeping an eye on the officer. The officer exited the car and approached Mitchell, asking him what he was doing there, and Mitchell responded, "I'm just here." Concerned that Mitchell had a weapon concealed under his shirt, the officer patted Mitchell's person and discovered a crack pipe. The pipe was covered with burned cocaine residue. Mitchell was charged with possession of cocaine. The State introduced into evidence certified copies of his subsequent guilty plea and conviction.

Mitchell concedes that he committed the crimes charged in the present case but asserts the defense of entrapment. At trial he took the stand and stated that he had stopped by the store to purchase cigarettes and a drink and that while standing outside for a few minutes, a vehicle pulled near him. A man inside the vehicle motioned for him, asking "[D]o you know where I can get some at?" Mitchell testified that although initially he said that he did not, after one or two more requests and a promise of some of the purchased crack cocaine, he allowed his drug "addiction [to] speak up." He admitted to transacting the sales at the store and at the residence and to smoking crack cocaine in the truck.

1. Mitchell contends that the trial court erred in admitting evidence of the similar transaction because it was not sufficiently similar to the offense for which he was tried and because the evidence of the prior crime was not relevant to the issues of the case. The State argued at the pre-trial hearing that Mitchell sold crack cocaine for the purpose of "skimming some off the top to smoke it" himself. The trial court found the evidence sufficiently similar and relevant to rebut Mitchell's entrapment defense, admitting it for the limited purpose of showing Mitchell's intent, course of conduct, bent of mind, motive, scheme, and plan. We review the trial court's findings on these issues under the clearly erroneous standard.[2]

Evidence of prior drug convictions evincing similar facts are often admissible as similar transactions in drug prosecutions for certain purposes. "If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of

---

[2] *Roberts v. State*, 241 Ga. App. 259, 261 (3) (526 SE2d 597) (1999).

mind, or course of conduct."[3]

In reviewing whether there were sufficient similarities to create a connection between the previous crime and the instant crimes such that the former tends to prove the latter, we focus on the similarities rather than the dissimilarities.[4] Here the similarities include the same location, the approximate time of day, Mitchell's lack of any store-related activity while at the location, the same drug in the same small amounts, and Mitchell's having a crack pipe available while at that location. The trial court's finding that the earlier transaction was sufficiently similar to the charged offenses was not clearly erroneous.[5]

Nor was the trial court's finding that the prior transaction was relevant to an issue of the instant case clearly erroneous. Mitchell's prior guilty plea to cocaine possession is relevant here where his asserted entrapment defense turns on whether the crimes were induced by the agent's undue persuasion and whether he was predisposed to commit the crime.[6] Evidence of the previous conviction for cocaine possession (based upon his having a crack pipe, coated with burned cocaine, while at that same location known for its drug activities) tends to show his course of conduct, bent of mind, scheme, and plan, i.e., it tends to show he was predisposed to commit the crime and that he needed no undue persuasion to commit it.[7]

2. Mitchell contends that the State failed to rebut his defense of entrapment. The elements comprising entrapment are: "(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime."[8] When a defendant raises the defense of entrapment and testifies to it at trial, the State has the burden of disproving the defense beyond a reasonable doubt.[9] Determining whether the State has done so rests with the jury.[10]

---

[3] (Citation omitted.) Id.

[4] *Moore v. State*, 273 Ga. 11, 13 (2) (537 SE2d 334) (2000).

[5] See *Tanner v. State*, 243 Ga. App. 640, 642-643 (2) (533 SE2d 794) (2000) (in prosecution for possession of cocaine, evidence of defendant's plea of guilty to three counts of selling cocaine was sufficiently similar to show bent of mind and course of conduct, where prior offenses involved sales of rocks of cocaine from an apartment in a housing project known to have drug trafficking activity and current prosecution resulted from defendant having been found in possession of rock of cocaine shortly after having visited a low-income residential area known for unlawful drug use and trafficking).

[6] OCGA § 16-3-25; see *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452) (1984).

[7] See *Merritt v. State*, 211 Ga. App. 228, 230 (4) (438 SE2d 691) (1993); *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

[8] *Keaton*, supra, 253 Ga. at 72; see OCGA § 16-3-25.

[9] *Wilcox v. State*, 229 Ga. App. 227, 229 (1) (493 SE2d 724) (1997).

[10] Id.

Here the evidence shows that the idea to transact a sale of crack cocaine originated with the agent. As to undue persuasion, Mitchell points to his testimony of the agent's repeated requests and offer to share the drug. The agent, however, testified to the contrary, stating that Mitchell was very willing and receptive to selling him the drug and smoked it in his presence. Combined with the evidence of his prior conviction of cocaine possession, evincing Mitchell's personal use, this evidence authorized the jury to find that the crime had not been induced by the agent's undue persuasion.[11]

Ready commission of a criminal act may show the element of predisposition.[12] The evidence here reveals that after Mitchell agreed to assist the agent, he was able to immediately transact a sale at that location and further directed the agent to another location where again he was able to immediately transact a sale. Further, Mitchell admitted that he agreed to the sale partly because of his drug habit. Coupled with the similar transaction evidence, this testimony authorized the jury to find that Mitchell was predisposed to commit the crime.

3. Mitchell contends that the trial court erred in denying his motion for new trial. He has not proffered, however, any argument beyond those addressed above. As we have held these lack merit, this enumeration must fail.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MAY 7, 2001.

*Lawrence W. Daniel,* for appellant.
Haywood Mitchell, *pro se.*
*Patrick H. Head, District Attorney, Dana J. Norman, Samuel W. Lengen, Assistant District Attorneys,* for appellee.

---

[11] *Wright v. State,* 232 Ga. App. 104, 105 (1) (501 SE2d 543) (1998).
[12] *Wilcox,* supra, 229 Ga. App. at 230 (1).